**FILED**

MAY - 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IBRAHIMA MBODJI
A98-807-641
ICE El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243

**NUNC PRO TUNC**

APR 2 8 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. JANIS L. SANMARTINO)**

| | |
|---|---|
| **IBRAHIMA MBODJI,**<br>[A98-807-641],<br><br>          **Petitioner,**<br><br>    v.<br><br>**MICHAEL CHERTOFF, et al.,**<br><br>          **Respondents.** | Civil Action No. 08CV0517-JLS (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SCHEDULING ORDER/ ORDER TO SHOW CAUSE** |

**STATEMENT OF THE CASE**

Petitioner, Ibrahima Mbodji, alleged in his petition that he was born in Senegal. He came to the United States in 2001. He was ordered removed to Senegal by an immigration judge in 2006, who denied relief under the Convention Against Torture. Petitioner's petition for review is pending before the Ninth Circuit. He has been in Respondents' continuous custody since **July 18, 2006**, over 21 months.

He filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on **March 20, 2008**. On the same day, he also filed a Motion for Appointment of Counsel. To date, no responsive pleadings have been filed. The Court has not acted on his motion or his request for leave to proceed *in forma pauperis*. No hearing dates or order to show cause has been calendared. Nearly **a month** have now elapsed.

**ARGUMENT**

**IN LIGHT OF THE PURPOSE OF THE WRIT OF HABEAS CORPUS TO LIBERATE A PARTY FROM ILLEGAL DETENTION, PETITIONER IS ENTITLED TO AN EXPEDITIOUS RESOLUTION OF HIS PETITION.**

The essence of a petition for writ of habeas corpus is an attack on the legality of the petitioner's custody and to secure release therefrom. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). It is intended to be a "'swift and imperative remedy in all cases of illegal restraint or confinement.'" Fay v. Noia, 372 U.S. 391, 400 (1963) (citation omitted). Because of its extraordinary nature in relating to illegal detention, it is reserved for cases of special urgency. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973).

Due to this inherent urgency of the writ, statutes governing the consideration of habeas corpus petitions require the district court accord them "'special preferential consideration to ensure expeditious hearing and determination.'" Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000), quoting Van Buskirk v. Wilkinson, 216 F.2d 735, 737-78 (9th Cir. 1954). These special considerations place limits on the district court's discretionary authority over its calendar and docketing by requiring the court to proceed to the disposition of the petition promptly. See id., citing Ruby v. United States, 341 F.2d 585, 587 (9th Cir. 1965).

The governing statute directs the district court, on determination that the petition has sufficient merit to proceed, to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. Presented with a petition for a writ of habeas corpus, the district court has three procedural options: grant the writ forthwith, order the respondent to show cause, or summarily dismiss the petition. Walker v. Johnston, 312 U.S. 275, 283-84 (1941). The order to show cause must be returned **within three days**, unless for good cause shown the court allows **up to 20 days** for a return. 28 U.S.C. § 2243. If the district court determines that an evidentiary hearing is required, it must be scheduled

1  "promptly," within five days, unless for good cause more time is permitted.  See id.; Harris v. Nelson, 394

2  U.S. 286, 299 (1968).

3      Where a petitioner alleges an unlawful deprivation of liberty, a court has no discretion to deny summarily,

4

5  but must issue an order to show cause and calendar a return, unless the petition is "patently frivolous or

6  obviously without merit."  United States ex rel. Robinson v. Pate, 345 F.2d 691, 696-97 (9th Cir. 1965).

7      In this case, petitioner has been held in continuous custody of federal immigration authorities since  July

8

9  2005.  His petition alleging illegal detention in violation of the Fifth Amendment as construed in Zadvydas

10 v. Davis, 533 U.S. 678 (2001) was filed in February 2006, almost three months ago.  Because he has been held

11 longer than the presumptively reasonable period of pre-removal detention laid down by the U.S. Supreme

12 Court, his petition is not patently frivolous or lacking in merit.  Petitioner is entitled under statute to the

13 issuance  "forthwith" of a writ ordering his release, or an order to show cause, setting a prompt schedule for

14 resolution of the merits of his petition. 28 U.S.C. § 2243.

15

16     Petitioner therefore respectfully requests this Court issue an Order to Show Cause and Scheduling Order

17 comporting with the time limits of § 2243.

18

19                          Respectfully submitted,

20

21 DATE:

22                          IBRAHIMA MBODJI

23                          Petitioner

24

25

26

27

28