KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119
Facsimile:   (619) 557-5004
Email: samuel.bettwy@usdoj.gov

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIMA MBODJI,<br><br>            Petitioner,<br><br>  vs.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,<br><br>            Respondents. | Case No. 08cv0517-JLS (NLS)<br>A98-807-641 |

GOVERNMENT'S RETURN

IN OPPOSITION TO PETITION

FOR WRIT OF HABEAS CORPUS

**(Oral Argument Requested)**

# I

# INTRODUCTION

Petitioner Mbodji seeks release from Department of Homeland Security ("DHS") custody based on the fact that more than twenty-two months have elapsed since he was taken into DHS custody on August 7, 2006. However, Mbodji neglects to disclose the reasons for the length of his detention. The Court should determine which portions of Mbodji's detention are attributable to Mbodji and which are attributable to the Government in deciding whether to grant relief.

Mbodji neglects to inform the Court that, during his administrative proceedings, he obtained a total of <u>seven</u> continuances, six before the Immigration Judge ("IJ") and one before the Board of Immigration Appeals ("BIA"). Mbodji also neglects to inform the Court that, pending his administrative proceedings, DHS initially set a bond of $10,000, that the IJ lowered it to $7500, and that Mbodji did not appeal from the IJ's decision or seek any reconsideration by the IJ, as provided by regulation. Mbodji provides no explanation for his failure to exhaust his administrative remedies.

Regarding Mbodji's petition for review proceedings, which have been pending since June 22, 2007, Mbodi fails to demonstrate why the length of those proceedings should be attributed to the Government. DHS has had the authority to remove Mbodji since May 29, 2007, when the BIA dismissed his appeal. However (after 24 days), Mbodji petitioned for review and obtained a stay of removal from the Ninth Circuit. Mbodji has made no explanation to the Court as to why he cannot pursue his petition for review from outside the United States. <u>See</u> <u>Cruz-Ortiz v. Gonzales</u>, No. 06-55654, 2007 WL 580670 (9th Cir. Feb. 22, 2007) (unpublished) [copy attached]. Furthermore, normal appeal time should not be attributed to the Government, and as a matter of law, judicial review proceedings have a definite termination point that is within the control of the parties and the judiciary. Mbodji has not alleged that any delay in his petition for review proceedings is attributable to the Government.

///

II

STATEMENT OF FACTS

Petitioner Mbodji is a native and citizen of Senegal. [Exs. 1, 6, 8; Pet. at 3.][1/] On February 13, 2001, he was admitted to the United States as a temporary visitor for one month. [Ex. 8.] He overstayed the visa, and he did not apply for asylum until five years later, when he was finally apprehended by DHS and placed in removal proceedings.

Mbodji finally came to the attention of DHS when he was arrested on July 12, 2006, on a charge of injury to a cohabitant. [Exs. 2-5.] The San Diego Sheriff's Office transferred Mbodji to the custody of DHS which commenced removal proceedings. [Exs. 8-14.] DHS set bond at $10,000 [Ex. 11], and Mbodji's initial hearing was scheduled to take place on July 28, 2006. [Ex. 15.] Initially, Mbodji declined an opportunity to have the bond amount redetermined by an Immigration Judge ("IJ"). [Ex. 11.]

At his initial July 28, 2006 removal hearing, Mbodji obtained a continuance until August 30, 2006, so that he could retain counsel. [Ex. 16-17.] At the August 30, 2006 hearing, Mbodji requested a further continuance and a bond redetermination hearing. The IJ scheduled a bond redetermination hearing for September 7, 2006. [Ex. 18-19.]

At the September 7, 2006 bond hearing, the IJ lowered the bond to $7500, and Mbodji <u>waived</u> further appeal. [Ex. 22.] At that time, the IJ continued the case at Mbodji's request until September 13, 2006, so that Mbodji could prepare and submit an application for asylum. [Exs. 23-24.]

At the September 13, 2006 hearing, the IJ once again continued the case at Mbodji's request, until October 4, 2006, so that Mbodji could retain counsel and submit an application for relief from removal. [Exs. 25-26.]

///
///
///

---

[1/] "Ex." refers to the accompanying true copy of pertinent documents contained in Mbodji's DHS administrative "A-File," No. A98-807-641.

1   Mbodji was represented by counsel at the October 4, 2006 hearing at which he
2 obtained a continuance until November 1, 2006, to prepare and submit an application for
3 asylum. [Exs. 27-29.] At the November 1, 2006 hearing, the case was once again
4 continued until December 6, 2006, so that he could be interviewed by an asylum officer.
5 [Ex. 32.]

6   Mbodji's attorney made a request to DHS for Mbodji's release on his own
7 recognizance, and DHS denied the request. [Exs. 32-34.] Mbodji's attorney never
8 sought a new bond hearing before the IJ. See 8 C.F.R. § 1236.1(e).

9   The December 6, 2006 hearing was continued, apparently on the IJ's own motion,
10 until January 3, 2007, for "operational/security factors."[2/] The January 3, 2007 hearing
11 was continued until January 30, 2007, for the purpose of obtaining a French interpreter
12 for Mbodji. [Ex. 35-37.]

13   After a hearing, on January 30, 2007, the IJ ruled from the bench to deny Mbodji's
14 asylum application and to order him removed from the United States to Senegal. [Exs.
15 38-49.]

16   Mbodji filed his notice of appeal to the BIA seventeen days later, on February 16,
17 2007. [Ex. 50.] Mbodji requested and was granted an extension of time to file his
18 appellate brief, which he filed on April 30, 2007. [Exs. 51-55.] The BIA issued its
19 decision only twenty-nine days later, on May 29, 2007. [Exs. 56.]

20   Mbodji filed his petition for review twenty-four days later, on June 22, 2007, in
21 Mbodji v. Mukasey, 07-72503 (9th Cir.), and he requested a stay of removal. [Ex. 76.]
22 The request for a stay resulted in an automatic stay of removal. The Government
23 opposed Mbodji's request for a stay, and on October 5, 2007, the 9th Circuit granted the
24 stay. [Ex. 77.] Briefing was completed on March 26, 2008. [Id.]

25   On September 4, 2007, pending Mbodji's petition for review proceedings, DHS
26 conducted a custody review and determined that Mbodji should be detained pending
27 such proceedings. [Exs. 63-73.]

28

---

[2/]   According to information provided to the undersigned telephonically on May 21, 2008, by the Imperial Immigration Court at 760-355-0070.

On March 20, 2008, Mbodji commenced these habeas proceedings.

## III

## ARGUMENT

The Court should determine which portions of Mbodji's detention are attributable to Mbodji and which are attributable to the Government in deciding whether to grant relief.

### A. THE LENGTH OF DETENTION PENDING THE ADMINISTRATIVE REMOVAL PROCEEDINGS IS ATTRIBUTABLE TO MBODJI, NOT TO THE GOVERNMENT

Mbodji complains of the length of time that he was in administrative removal proceedings, but he fails to inform the Court that he obtained at least <u>seven</u> continuances in those proceedings, that he failed to appeal from the IJ's bond determination to the BIA pursuant to 8 C.F.R. § 1236.1(d)(3), and that he failed to seek a re-newed bond redetermination pursuant to 8 C.F.R. § 1236.1(e).

On July 25, 2006, DHS set bond at $10,000 [Ex. 11], so Mbodji sought a redetermination by the IJ pursuant to 8 C.F.R.§ 1236.1(d)(1) ("After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released").

At the bond redetermination hearing on September 7, 2006, the IJ lowered bond to $7500, and Mbodji <u>waived</u> appeal. [Ex. 22.] He could have appealed from the IJ's bond decision to the BIA:

> (3) Appeal to the Board of Immigration Appeals. An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals in the following circumstances:
>
> (i) In accordance with §1003.38 of this chapter, the alien or the Service may appeal the decision of an immigration judge pursuant to paragraph (d)(1) of this section.

8 C.F.R. § 1236.1(d)(3)(i).  <u>See also</u> 8 C.F.R. § 1003.19(e).

///

Over the next several months of Mbodji's administrative proceedings, he could have sought another bond redetermination and he could have sought habeas relief from the IJ's decision, but he sought neither. See 8 C.F.R. § 1236.1(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination").

In sum, Mbodji was not mandatorily detained, he failed to exhaust administrative remedies to have his bond amount further lowered, and he prolonged removal proceedings by obtaining at least seven continuances. <u>By contrast, the IJ ruled from the bench, and the BIA took less than 30 days to rule once briefing was completed</u>. Accordingly, the length of Mbodji's administrative removal proceedings is attributable to him and not to the Government.

B.    MBODJI'S DETENTION PENDING JUDICIAL REVIEW IS ATTRIBUTABLE TO MBODJI, NOT TO THE GOVERNMENT

Mbodji has presented no evidence that he cannot prosecute his judicial review from Senegal or a third country, normal judicial review time should not be automatically attributed to the Government, and Mbodji has not alleged that any delay should be attributed to the Government.

The Ninth Circuit recently stated that a petitioner is being "voluntarily detained" pending judicial review of a final removal order when he requests and obtains a stay of removal. Cruz-Ortiz, 2007 WL 580670 at *1 ("appellant is being voluntarily detained--upon his requested stay of removal--pending appeal of his final removal order"). See also Guang v. I.N.S., 2005 WL 465436 (E.D.N.Y. Feb. 28, 2005) (rejecting application of Zadvydas[3/] where petitioner pursued litigation and stays with the administrative courts, Second Circuit, and district court and holding that his own actions of pursuing the stays resulted in his prolonged detention); see also Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (rejecting Zadvydas claim because alien's "continued detention

---

[3/]    Zadvydas v. Davis, 533 U.S. 678 (2001).

1 here occurred pursuant to his own procuring of stays incident to his legal challenges to
2 the removal order . . ."); Abimbola v. Ridge, 2005 WL 588769 *2-3 (Mar. 7, 2005 D.
3 Conn.) motion for reconsideration denied, 2005 WL 2663075 (October 15, 2005), aff'd,
4 2006 WL 1408375 (2d Cir. May 18, 2006) (noting that "but for...[alien's] seeking and/or
5 receiving numerous judicial stays and filing his numerous petitions for reconsideration
6 and appeals,...[alien] could have been speedily deported....").

7 As the Ninth Circuit panel noted in Ortiz-Cruz, detention is voluntary because the
8 petitioner may choose to prosecute the petition for review from outside the United States.
9 Removal or other departure from the United States does not constitute abandonment of
10 the appeal or otherwise render the appeal moot.[4]

11 In Mboussi-Ona v. Crawford, the district court reasoned that the Tijani[5]
12 "expedited" standard cannot apply where the administrative proceedings were reasonable
13 and any continued detention is a result of "normal judicial appeal time":

> If the Tijani gloss applies in this manner, then every judicial appeal will exceed this "expedited" standard. This would mean that by merely seeking judicial review, every alien found removable would be entitled to an individualized bond hearing and possible release. . . A rule creating a universal right to an individualized bond hearing merely by seeking judicial review would bring the art of delay to perfection.

Mboussi-Ona, 2007 WL 3026946 at *5.

Mbodji's petition for review proceedings have, as a matter of law, a definite termination point that is within the control of the parties and the judiciary. See Zadvydas at 697 ("detention pending a determination of removability . . . has [an] obvious termination point"). See also Hussain v. Mukasey, 510 F.3d 739, 743 (7th Cir. 2007) (detention prior to the initiation of removal under Section 1231(a)(2), including pending

---

[4] See 8 U.S.C. § 1252(b)(3)(B) & (b)(8)(C); Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) ("We may entertain a petition after the alien has departed"); Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1171 (9th Cir. 2003) (even though a petition for review is filed, INS may remove the petitioner without delay after an unfavorable BIA decision, and the petitioner may continue the case from abroad); Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) ("Our decision to deny the stay, of course, is not a decision on the merits of Andreiu's petition for review, and nothing we hold today is meant to prejudice Andreiu's ability to advance any of the claims asserted for review in subsequent proceedings").

[5] Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).

judicial review, is not indefinite); <u>Soberanes v. Comfort</u>, 388 F.3d 1305, 1311 (10th Cir. 2004) ("detention is clearly neither indefinite nor potentially permanent . . . it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point"); <u>Verdugo-Gonzalez v. Ridge</u>, No.07cv0402-LAB, 2008 WL 170018 at *3 (S.D. Cal. Jan. 17, 2008) ("Unlike in *Zadvydas*, he raises no issue associated with any impediment to his ultimate removal should he not prevail in the Ninth Circuit"); <u>Arteaga v. Gonzales</u>, No. 07cv1626-BEN, slip op. at 6-7 (S.D. Cal. Nov. 13, 2007) [copy attached]  (detention pending judicial review is not indefinite because once the Ninth Circuit issues a decision, the petitioner will either be released or removed) [copy attached]; <u>Mboussi-Ona v. Crawford</u>, No. 06-02897-PHX-NVW, 2007 WL 3026946 (D. Ariz. Sept. 27, 2007) (<u>Tijani</u> does not apply where detention is a result of normal judicial appeal time); <u>Supnet v. Gonzales</u>, No. 06cv2189-JAH, slip op. at 3-4 (S.D. Cal. Aug. 29, 2007) (same) [copy attached]; <u>Middleton v. Clark</u>, No. C06-1324RSM, 2007 WL 1031725 at *6-7 (W.D. Wash., Apr. 2, 2007) (same).

        The judges of this district are split on the issue of whether the length of detention pending judicial review can be attributed to the petitioner where the petitioner has obtained a stay of removal.  In <u>Valdez v. Chertoff</u>, No. 06cv2184-JAH, slip op. at 4-5 (S.D. Cal. Aug. 22, 2007) [copy attached], Judge Houston ruled that a petitioner's detention is voluntary pending judicial review where the continued detention is a direct result of the petitioner's own choice to remain in custody rather than pursue an appeal from abroad.  See also <u>Verdugo-Gonzalez v. Ridge</u>, No. 07cv0402-LAB, slip op., 2008 WL 170018 at *3 (S.D. Cal. 2008) ("an appeal of a removal Order through a petition for judicial review by the circuit courts may be pursued from outside the United States. . . Verdugo-Gonzalez successfully sought a stay of removal while he pursues his judicial remedies on the merits of his challenges to the removal Order. His current detention is accordingly of his own choosing"); <u>Arteaga v. Gonzales</u>, No. 07cv1626-BEN, slip op. at 3-5 (S.D. Cal. Nov. 13, 2007) [copy attached] (holding that petitioner's detention is voluntary pending resolution of his or her petition for review at the Ninth Circuit).

In Judulang v. Chertoff, 535 F. Supp.2d 1129, 1132-33 (S.D. Cal. 2008) and more recently, in Mau v. Chertoff, No. 07cv2037-IEG, 2008 WL 687368 at *4 (S.D. Cal. 2008), Judge Gonzalez rejected Cruz-Ortiz and the voluntariness argument, because, in Tijani, the panel referred to the entire length of detention that had elapsed as of the time of rendering its opinion, including detention that had occurred during judicial review.[6/] See Tijani at 1242, 1249. Yet, the voluntariness issue had not been raised and explored by the parties in Tijani, because Tijani did not file his petition for review until, coincidentally, the day of oral argument before the Tijani panel (January 10, 2005). See Tijani v. Gonzales, No. 05-70195 (9th Cir.) (petition for review filed on January 10, 2005). The voluntariness issue is currently before the Ninth Circuit in Casas-Castrillon v. D.H.S., C.A. No. 07-56261 (9th Cir.). The Ninth Circuit has vacated the briefing schedule in at least one case pending its decision in Casas. See Fraihat v. Chertoff, 07-56703 (9th Cir. Mar. 18, 2008) (copy attached). Such action by the Ninth Circuit would suggest that the voluntariness issue is not controlled by the Tijani decision.

Pending a published opinion from the Ninth Circuit that addresses the voluntariness issue, this Court should recognize that the Ninth Circuit's view in Cruz-Ortiz is consistent with its prior decisions in Tijani and Nadarajah,[7/] because the operative facts of those decisions concern extraordinary delay during administrative proceedings over which the Government had control and during which the alien may not pursue a defense from outside the United States. Mbodji alleges nowhere in his Petition that the Government is responsible for any delay in his petition for review proceedings.

///

///

---

[6/]    See also Mustanich v. Gonzales, No. 07cv1100-WQH, 2007 WL 2819732 at *8 (S.D. Cal. Sept. 26, 2007) (given Tijani, "the Court concludes that it can and must consider periods of detention which accrue pending judicial review in determining whether removal proceedings and detention pursuant to 8 U.S.C. § 1226(c) are expeditious and reasonable"); Straube v. Chertoff, 07cv1751-JM (NLS) (S.D. Cal. May 14, 2008). The Government anticipates that Mbodji's attorney will also cite Delgado v. Chertoff, 07cv1315-W (CAB), but the same attorney has already agreed to vacatur of the decision and order in that case.

[7/]    Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006).

At any rate, Nadarajah is clearly distinguishable from this case because the petitioner had been detained for five years, had never been ordered removed, and had "won relief at every administrative level . . . ."  443 F.3d at 1081.  The Ninth Circuit held that it was unlikely that Nadarajah would be removed in the reasonably foreseeable future because he had "won at every administrative level . . . " and in so doing had "won relief denied 98% of [asylum] applicants . . . a powerful indication of the improbability of his foreseeable removal, by any objective measure."  Id.  Further, the IJ had granted Nadarajah withholding of removal, and DHS had not appealed from the grant.  Id.  The Ninth Circuit ruled that, in such circumstances, "Nadarajah has established that there is no significant likelihood of his removal in the reasonably foreseeable future."  Id.  By contrast, Mbodji has failed to win relief at any level, and the only obstacle to his removal at this juncture are his decision to remain in the United States pending his petition for review.

Tijani is also distinguishable from this case because Tijani had been detained mandatorily for 21 months pending administrative proceedings.  By contrast, Mbodji was not detained mandatorily, he waived administrative remedies, and he was responsible for nearly all delay in the proceedings.

Mbodji, through counsel, repeatedly invokes the Supreme Court's decision in Zadvydas in support of his argument that he should be released.  [Pet. at 2, 4-8.] Zadvydas is not applicable to this case because it concerned aliens who were under final order of removal for whom the removal period had elapsed and for whom repatriation was not politically possible for an unknown period of time for reasons beyond the control of the parties and the judiciary.  In this case, the removal period has not elapsed, the United States enjoys diplomatic relations with Senegal, and the duration of judicial review is neither indefinite nor beyond the control of the parties and the judiciary.

///

///

///

In sum, Mbodji asks this Court to order his release on the basis of the length of duration of his detention without examining the reasons for the length of detention and which portions may be attributed to the Government. The length of his detention pending administrative removal proceedings is attributable to the fact that he obtained at least seven continuances, and he failed to exhaust his administrative remedies regarding the amount of his bond. The length of normal judicial appeal time should not be attributed to the Government, and Mbodji does not allege that the Government has contributed to delay in those proceedings or in the administrative removal proceedings.

## IV
## CONCLUSION

For the reasons set forth above, the Petition should be denied.

DATED: May 22, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ *Samuel W. Bettwy*

SAMUEL W. BETTWY
Assistant U.S. Attorney

Attorneys for Respondents