1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IBRAHIMA MBODJI,                          )   Case No. 08cv0517-JLS (NLS)
                                          )   A98-807-641
                    Petitioner,           )
                                          )
        vs.                               )
                                          )
                                          )   EXHIBITS
MICHAEL CHERTOFF, Secretary               )   (Decisions)
of Homeland Security, et al.,             )
                                          )
                                          )
                    Respondents.          )

Cruz-Ortiz v. Gonzales, No. 06-55654, 2007 WL 580670

  (9th Cir. Feb. 22, 2007) (unpublished). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Valdez v. Chertoff, No. 06cv2184-JAH (S.D. Cal. Aug. 22, 2007). . . . . . . . . . . . . .  2

Arteaga v. Gonzales, No. 07cv1626-BEN (S.D. Cal. Nov. 13, 2007). . . . . . . . . . . .  7

Fraihat v. Chertoff, No. 07-56703 (9th Cir. Mar. 18, 2008). . . . . . . . . . . . . . . . . .  15

Supnet v. Gonzales, No. 06cv2189-JAH (S.D. Cal. Aug. 29, 2007). . . . . . . . . . . .  17

Slip Copy                                                            Page 1
Slip Copy, 2007 WL 580670 (9th Cir.(Cal.))
**(Cite as: 2007 WL 580670 (9th Cir.(Cal.)))**

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,
Ninth Circuit.
Jaime Santiago CRUZ-ORTIZ, Petitioner-Appellant,
v.
Alberto R. GONZALES, Attorney General; Michael Chertoff, Secretary of the
Department of Homeland Security, Respondents-Appellees.
No. 06-55654.

Submitted Feb. 5, 2007 [FN*].

FN* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Feb. 22, 2007.
Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner-Appellant.

Larry P. Cote, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Sharla Cerra, Esq., for Respondents-Appellees.

Appeal from the United States District Court for the Central District of California, John F. Walter, District Judge, Presiding. D .C. No. CV-05-05421-JFW.

Before McKAY, [FN**] KOZINSKI and TROTT,

Circuit Judges.

FN** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

MEMORANDUM [FN***]

FN*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*1 The district court properly determined that the REAL ID Act stripped it of habeas jurisdiction over appellant's final order of removal, *see Nadarajah v. Gonzales,* 443 F.3d 1069, 1075 (9th Cir .2006), and that appellant's habeas petition was a disguised attempt to challenge the validity of the removal order. In any event, appellant is being voluntarily detained-- upon his requested stay of removal-- pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C. § 1231(a)(2) requires such detention: "After entry of a final removal order and during the 90-day removal period ... aliens must be held in custody." *Zadvydas v. Davis,* 533 U.S. 678, 683 (2001).

AFFIRMED.

Slip Copy, 2007 WL 580670 (9th Cir.(Cal.))

Briefs and Other Related Documents (Back to top)

. 2006 WL 3295007 (Appellate Brief) Petitioner's Reply Brief (Sep. 25, 2006)

. 2006 WL 2984729 (Appellate Brief) Petitioner's Opening Brief (Jun. 30, 2006)

. 06-55654 (Docket) (May 8, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN CARLOS VALDEZ BERNAL,

               Petitioner,

v.

MICHELLE CHERTOFF, Secretary of
the Department of Homeland Security,
et al.

               Respondents.

Civil No. 06CV2184 JAH (POR)

**ORDER DENYING PETITIONER'S
WRIT OF HABEAS CORPUS**

**[Doc. No. 12]**

     Now pending before this Court is Petitioner Juan Carlos Valdez Bernal ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES the petition in its entirety.

**BACKGROUND**

     Petitioner, a native and citizen of Mexico, entered the United States in February 1968. On August 8, 2001, Petitioner was convicted in the San Diego County Superior Court of possession of heroin under Cal. Health and Safety Code § 11350(a), and was sentenced to 5 years in custody. Resp., Exh. at 1-2. On April 15, 2005, the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"), took custody of Petitioner and placed him in removal proceedings, charging him with deportability under 8 U.S.C. § 1227(a)(2)(B)(I). *See* Resp., Exh. at 2. Petitioner was held by DHS under the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B).

1

2      Petitioner appeared before the immigration judge on April 19, 2005.  The immigration

3   judge issued an order on October 6, 2005, specifically finding that the Petitioner admitted all

4   of the allegations against him, but testified that he was the son of a U.S. citizen.  Resp., Exh.

5   at 7-19.  The immigration judge found that Petitioner was not a United States citizen.  Id. at

6   7-10.  The immigration judge also denied Petitioner's application for cancellation of removal

7   under 8 U.S.C. § 1229b(a) and his application for voluntary departure under 8 U.S.C. §

8   1129c(b).  As such, on October 6, 2005, Petitioner was ordered removed to Mexico.  Id. at 6,

9   18.  Petitioner appealed to the Board of Immigration Appeals ("BIA") on February 28, 2006,

10   which upheld the immigration judge's decision.  Resp., Exh. at 22-23.

11      On March 13, 2006, Petitioner filed a petition with the Ninth Circuit Court of Appeals

12   for review of the removal decision, and requested a stay of removal pending his appeal.  On June

13   19, 2006 Petitioner's stay motion was granted.  Resp., Exh. at 26.  Pending the appeal, DHS

14   performed a custody review.  On June 27, 2006, DHS issued a decision to continue detention

15   based on a determination that Petitioner failed to prove that he was not a flight risk.  Resp., Exh.

16   at 31.  DHS accordingly denied Petitioner's release pending a decision on his appeal.  Id.  On

17   October 20, 2006, Petitioner requested an extension of time to file his appellate brief from

18   October 30, 2006 to December 15, 2006.  Resp., Exh. at 27.  The motion was granted.  Id.

19      Petitioner filed the instant habeas petition on October 2, 2006.  Doc. No. 1.  Respondent

20   filed a return to the petition on March 8, 2007.  Doc. No. 8.  Petitioner filed a traverse on June

21   1, 2007.  Doc. No. 10.  On July 17, 2007, Petitioner submitted a status request.

22      Petitioner complains of his prolonged detention since March 13, 2006, the date he filed

23   his appeal to the Ninth Circuit.  Pending appeal or further order of the Ninth Circuit Court of

24   Appeals, Petitioner's removal is stayed.

25

26

27

28

06cv2184

1

2                                 **DISCUSSION**

3          Petitioner seeks release from DHS custody arguing that his prolonged detention is not

4    statutorily authorized. *See* Pet. at 2; Trav. at 2.  Petitioner further argues that pursuing his

5    judicial appeal in Mexico is far more difficult than pursuing it in the United States which is why

6    he requested to stay his removal proceedings.  Respondents, in their return to the petition,

7    contend that Petitioner's detention is lawful.  First, there have been no inordinate delays.

8    Second, Petitioner is being voluntarily detained after he sought, and received, a stay of removal

9    pending appeal of his final removal order.  Third, Petitioner's claim to United States citizenship

10   or an application for certificate of citizenship can be pursued from Mexico, Petitioner's

11   homeland.  Therefore, Respondent argues, Petitioner's habeas petition should be denied.

12   **I.    Legal Standard**

13         On May 11, 2005, Public Law 109-13 (the "REAL ID Act") was signed into law.

14   Section 106 of the REAL ID Act amends portions of the Immigration and Nationality Act,

15   8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders by mandating that

16   the exclusive means for review of challenges to a final order of removal, deportation or exclusion

17   is through a petition for review to the appropriate court of appeal.  *See* Publ.Law 109-13

18   § 106(a).  Thus, the REAL ID Act only allows the district court to conduct habeas review to an

19   alien's detention based on challenges that are independent of the issues surrounding removal.

20   *See* H.R.Rep. No. 109-72 (2005) ("section 106 would not preclude habeas review over challenges

21   to detention that are independent of challenges to removal orders.").  This Court finds it is not

22   precluded from determining whether Petitioner's detention pending his appeal to the Ninth

23   Circuit is lawful because such a determination is independent of a removability challenge.

24   **II.   Analysis**

25         The Ninth Circuit has determined that an appellant, such as Petitioner,  was voluntarily

26   detained when he requested stay of removal pending his appeal of his final removal order.  Cruz-

27

28

Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. 2007). Petitioner's case can

                                            3

                                                                              06cv2184

1   be distinguished from the cases he cites in his petition, and his situation is unique in that his

2   continued detention is a result of his own actions. Petitioner sought stay of his removal and

3   now seeks to be released from detention. The relevant cases cited by Petitioner can be readily

4   distinguished here. In <u>Nadaraja v. Gonzales</u>, 443 F.3d 1069, 1071 (9th Cir. 2006), the

5   immigration judge awarded the Sri Lankan national relief and the decision was affirmed by the

6   Board of Immigration Appeals. The national was not charged with a crime and despite having

7   prevailed on every administrative level of review, the government continued to detain him. In

8   another Ninth Circuit case, <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005), the alien was

9   detained for two years and eight months during removal proceedings while the courts continued

10   to sort out whether his offenses actually fell within the reach of the mandatory detention statute.

11

12      Here, Petitioner's administrative proceeding has been completed. It lasted ten months

13   and was completed over one year ago. Instead, he is awaiting his pending judicial appeal–an

14   appeal that he has chosen to pursue in the United States. Because it was Petitioner's own doing

15   that he is still in detention here, there is no "detention by default" as it was in <u>Tijani</u>. <u>Id.</u> at

16   1244.

17      Petitioner further supports his argument citing <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001),

18   a case which is also readily distinguishable from Petitioner's case. The Court finds that the case

19   of <u>Zadvydas</u> case, is not analogous. In <u>Zadvydas</u>, again, it was the government's own actions

20   that resulted in the failure to deport the alien, <u>id.</u> at 678, whereas in the instant case it is

21   Petitioner's own actions that have resulted in his continued detention, i.e. Petitioner's request

22   to stay removal and request for extensions on his initial brief. Petitioner had the opportunity

23   to bring his suit in Mexico, but instead chose to litigate his case in the United States and now

24   requests that he be released from detention.

25      This Court undoubtedly recognizes that freedom from government custody lies at the

26   heart of individual liberty, <u>id.</u> at 690, and that immigrants, as well as citizens, are protected by

27   the Due Process Clause. However, the Court also finds that Petitioner has not been deprived

28

06cv2184

of individual liberty in the instant case where he chose to stay his removal proceedings.  The argument raised by Petitioner that it is more difficult to litigate his case from Mexico than in the United States does not mitigate the fact that Petitioner has nevertheless voluntarily chosen to be detained in a country while pursuing appeal.  Accordingly, following the Ninth Circuit decision in <u>Cruz-Ortiz</u>, this Court finds that Petitioner's detention is voluntary.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus regarding Petitioner's release is **DENIED**.

DATED:  August 22, 2007

HON. JOHN A. HOUSTON
United States District Judge

06cv2184

1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JEAN PIERRE ARTEAGA,                          CASE NO. 07-CV-1626 BEN (CAB)

12                              Petitioner,        **ORDER:**

13        vs.                                      **(1)  DENYING PETITION FOR
                                                   WRIT OF HABEAS CORPUS,**
14                                                 **[Doc. # 1]; and**

15                                                 **(2)  DENYING MOTION FOR
     ALBERTO GONZALES, U.S. Attorney               EXTENSION OF TIME TO FILE**
16   General, *et al.*,                            **TRAVERSE, [Doc. # 15]**

17                             Respondents.

18

19                           **I. INTRODUCTION**

20          Petitioner Jean Pierre Arteaga ("Petitioner" or "Arteaga") brought this Petition for Writ of

21   Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241.  Petitioner seeks release from the

22   custody of the Department of Homeland Security ("DHS").  For the reasons that follow, the

23   Petition is **DENIED.**

24                           **II. BACKGROUND**

25          Petitioner was born in the city of San Salvador in El Salvador in 1976.  He was granted

26   United States permanent resident status in 1989.  On February 20, 2002, Petitioner was convicted

27   under section 11377(A) of the Health and Safety Code of California for the offense of possession

28   of methamphetamine, and sentenced to two years in prison.  (Decl. of Raven M. Norris in Sup. of

1  Gov't's Return to Pet. ("Norris Decl."), Ex. B).  Petitioner was also convicted of an unlawful

2  taking and driving of a vehicle under California Vehicle Code Section 10851(a), and sentenced to

3  two years in prison.  *Id.*

4  On November 17, 2003, Immigration and Customs Enforcement ("ICE"), an investigative

5  branch of DHS, initiated removal proceedings against Arteaga.  ICE charged Petitioner with

6  deportability under 8 U.S.C. § 1227(a)(2)(B)(i), which provides for the deportation of an alien

7  convicted of violating any law relating to a controlled substance, and under 8 U.S.C. §

8  1227(a)(2)(B)(iii), as an alien convicted of an aggravated felony.  (Norris Decl., Ex. A).  ICE held

9  Arteaga in mandatory custody pursuant to 8 U.S.C. § 1226(c)(1)(B), pending his removal

10  proceedings before the Immigration Judge ("IJ").  *Id.*  On June 28, 2004, the IJ denied Arteaga's

11  application for cancellation of removal and his requests for asylum, withholding of removal, and

12  relief under the Convention Against Torture.  The IJ ordered Petitioner removed to El Salvador.

13  (Norris Decl., Ex. C).  Arteaga appealed the IJ's decision to the Board of Immigration Appeals

14  ("BIA").  The BIA upheld the IJ's decision.  (Norris Decl., Ex. D).

15  On January 20, 2005, Arteaga petitioned for review by the Ninth Circuit Court of Appeals

16  and obtained a stay of removal.  (Norris Decl., Ex. E).  On June 8, 2007, the case was argued

17  before and submitted to Stephen S. Trott and Johnnie Rawlinson, Circuit Judges, and Samuel P.

18  King, a District Judge for the District of Hawaii.  A decision has not yet been issued.  DHS has

19  conducted custody reviews and determined that Arteaga should remain in detention because he is a

20  flight risk and a danger to the community.  (Norris Decl., Exs. F-H).

21  ### III.  LEGAL STANDARD

22  Aliens "may be arrested and detained pending a decision on whether the alien is to be

23  removed from the United States."  8 U.S.C. § 1226(a).  Detention is mandatory for aliens who are

24  subject to removal due to certain types of criminal convictions, such as aggravated felonies or

25  crimes of moral turpitude.  *See* 8 U.S.C. § 1226(c).  After the entry of a final removal order and

26  during the 90-day removal period, aliens must be held in custody.  8 U.S.C. § 1231(a)(2).

27  Subsequently the government "may" continue to detain an alien or release that alien under

28  supervision.  8 U.S.C. § 1231(a)(6).

07cv1626

1     An alien's post-removal-period detention is not "indefinite," but limited to "a period

2   reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v.*

3   *Davis,* 533 U.S. 678 at 689 (2001). The Supreme Court suggested that six months is an

4   unreasonable period of detention. *See id.* at 701. "[O]nce the alien provides good reason to

5   believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

6   Government must respond with evidence sufficient to rebut that showing." *Id.*

7                                   **IV. DISCUSSION**

8   **A.      Petition for Writ of Habeas Corpus**

9     The Petition is denied for the reasons discussed below.

10                              **1.      Petitioner's Detention is Voluntary**

11     Arteaga is being detained voluntarily. The Ninth Circuit recently stated in an unpublished

12   opinion:

13         In any event, appellant is being voluntarily detained-upon his requested stay of removal-
           pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C.
14         § 1231(a)(2) requires such detention: "After entry of a final removal order and during the
           90-day removal period ... aliens must be held in custody."
15

16   *Cruz-Ortiz v. Gonzales,* 2007 WL 580670, 1 (9th Cir. 2007) (citing *Zadvydas,* 533 U.S. at 683).

17     Although the *Cruz-Ortiz* decision is not binding, it is instructive. "Unpublished

18   dispositions and orders of this Court are not precedent, except when relevant under the doctrine of

19   law of the case or rules of claim preclusion or issue preclusion." U.S. Ct. of App. 9th Cir. Rule

20   36-3. Rule 36-3 does not bar district courts from considering unpublished dispositions, but such

21   dispositions "are not binding, and at most, can only be persuasive authority." *See Herring v.*

22   *Teradyne, Inc.,* 256 F.Supp.2d 1118, 1128 (S.D. Cal. 2002); Fed. R. App. P. 32.1; U.S. Ct. of App.

23   9th Cir. Rule 36-3. This Court finds the reasoning of *Cruz-Ortiz* persuasive. This reasoning has

24   been followed by at least one other district court. *See Bernal v. Chertoff,* 06cv2184 JAH, slip. op.

25   (S.D. Cal. Aug 29, 2007).

26     The conclusion of *Cruz-Ortiz* is supported by the existence of alternatives for Arteaga's

27   pursuit of his Petition. "Even if a petition for review is filed, IIRIRA permits the INS to remove

28   aliens without delay after an unfavorable BIA decision, and it allows aliens to continue their cases

from abroad." *Zazueta-Carrillo v. Ashcroft,* 322 F.3d 1166, 1171 (9th Cir. 2003). Removal or any other departure from the United States would not prevent Arteaga from continuing his case. Therefore the detention is attributable to Petitioner and not DHS.

Petitioner argues that he is not "to blame for the fact that respondents have locked him up for nearly 48 months" because (1) he should not be forced to choose between submitting to administrative detention and returning to a country he left as a four-year-old twenty seven years ago; and (2) he should not be forced to choose between detention and litigating his claims, including by means of appeal to the Ninth Circuit. (*See* Pet'r's Traverse at 2:21-28).

The above "forced" choices, however, are merely options available to Arteaga based on the applicable law and his criminal record. Petitioner has been convicted of two felonies and ordered removed. (Norris Decl., Exs. B, C). DHS has conducted custody reviews and determined that Arteaga should remain in detention because he is a flight risk and a danger to the community. (Norris Decl., Exs. F-H). At this point in Arteaga's pursuit of his claims, he may remain in detention in the United States or leave for El Salvador and prosecute his case from abroad. There is no contradiction between ICE's decision not to release Arteaga and his voluntary selection to accept prolonged detention and litigate his claims from within the United States. Arteaga may choose to end his detention at any time by departing from this country. Therefore he remains in custody of his own will.

The unconstitutional conditions doctrine, urged by Petitioner, does not warrant a different result. The doctrine "limits the government's ability to exact waivers of rights as a condition of benefits, even when those benefits are fully discretionary." *U.S. v. Scott,* 450 F.3d 863, 866 (9th Cir. 2006). Petitioner cites a case he characterizes as "readily adaptable to civil detainees held by ICE," stating that "[t]he right to keep someone in jail does not in any way imply the right to release that person subject to unconstitutional conditions - such as chopping off a finger or giving up one's first-born." *Id.* at 867. Arteaga, however, is not required to make any sacrifices on the above-described drastic scale. As noted above, in case of his departure, he would be able to litigate his claims from abroad. Although it is possible that pursuing his case from El Salvador may not be as easy as doing it from within the United States, Petitioner's avenues of relief will not

be taken away.

Finally, Arteaga himself has not alleged that he would be left without a remedy in the event of his departure from the United States.  Petitioner has applied for asylum, withholding of removal, and for relief under the Convention Against Torture.  Arteaga argued that as a former gang member, he will be persecuted and tortured in El Salvador.  The IJ and BIA rejected this argument because although Petitioner provided evidence that heavily-tattooed former U.S. gang members automatically come under the close scrutiny of the Salvadoran government, this evidence did not establish that he would be persecuted or tortured.  (Norris Decl., Ex. D).  Therefore Petitioner's return to El Salvador will not prevent him from pursuing his case.

Accordingly, Petitioner remains in custody of his own will.

### 2.    The Holdings in *Tijani* and *Nadarajah*

Petitioner relies heavily on the Ninth Circuit decisions in *Tijani v. Willis,* 430 F.3d 1241, 1249 (9th Cir. 2005) and *Nadarajah v. Gonzales,* 443 F.3d 1069, 1078 (9th Cir. 2006).  These decisions, however, are distinguishable from the present case.

The Ninth Circuit in *Tijani* and *Nadarajah* applied *Zadvydas* to the circumstances of the detainees whose orders of removal were still subject to legal challenges.  In *Nadarajah*, the Ninth Circuit found the five-year detention of a refugee, whose case was pending before the Attorney General, to be unreasonable.  443 F.3d at 1080.  In *Tijani*, the court ordered an Immigration Judge to release on bail the petitioner who had been detained for two years and eight months pending his appeal under INA § 236(c), unless the Government could prove the petitioner was a flight risk or a danger to the community.  430 F.3d at 1242.

The present case differs from the above decisions in significant aspects.  As discussed above, Petitioner's detention is voluntary, whereas Tijani and Nadarajah were held under the mandatory detention provisions.  Further, while Tijani and Nadarajah were held under 8 U.S.C. § 1226(c), Arteaga is held under 8 U.S.C. § 1226(a).  ICE continues to conduct periodic custody reviews to determine whether Petitioner should be released pending a decision on his petition for

07cv1626

1    review.  (Norris Decl., Exs. F-G).[1]

2         Next, Arteaga's detention has been extended by his own pursuit of the petition for review.

3    *See Middleton v. Clark,* 2007 WL 1031725, 2 (W.D. Wash. 2007) ("unlike Nadarajah, the length

4    of petitioner's detention is not due to the Attorney General's significant delay, but rather to his

5    Petitioner for Review, and related stay of removal, which will take some time to resolve.").  Tijani

6    and Nadarajah were subjected to mandatory detention by DHS pending administrative removal

7    proceedings, which had been extraordinarily prolonged.  *See Tijani*, 430 F.3d at 1246; *Nadarajah*,

8    443 F.3d at 1073.

9         Finally, Arteaga has been convicted of two crimes.  DHS has conducted custody reviews

10   and determined that Arteaga should remain in detention because he is a flight risk and a danger to

11   the community.  (Norris Decl., Exs. F-H).  Neither Tijani's nor Nadarajah's detention was the

12   result of a criminal conviction.  *See Tijani*, 430 F.3d at 1243; *Nadarajah*, 443 F.3d at 1071.[2]

13        In sum, significant differences between the facts of the present action and those of *Tijani*

14   and *Nadarajah* warrant a different result for Arteaga.

15        **3.    Likelihood of Removal**

16        Because there exists a significant likelihood that Arteaga will be removed in the

17   foreseeable future, his detention is not indefinite.  Release may be granted when an alien is

18   detained for six months or more without a "significant likelihood of removal in the reasonably

19   foreseeable future." *Zadvydas*, 533 U.S. at 701.

20        Unlike the detainees whose release was found appropriate, Arteaga is facing either a grant

21   of his petition or removal to a specific country.  All efforts to deport Zadvydas from the United

---

23        [1]Petitioner argues that the difference in the statutory subsections does not matter, relying on
a case from the Central District of California.  *See Martinez v. Gonzales,* 504 F.Supp.2d 887, 896
24   (C.D. Cal. 2007).  Here, however, Respondent pointed out that Petitioner's custody reviews continue,
and release may be granted in the future.  Further, *Martinez* noted that Nadarajah's release was
justified because his removal was not reasonably foreseeable.  504 F.Supp.2d at 896.  As discussed
25   below, Arteaga's removal is reasonably foreseeable.

26        [2]The government also argues that the delay in *Tijani* and *Nadarajah* came from the
administrative portion of the proceedings, whereas Arteaga's administrative proceedings were
27   completed over two years ago and the continuing delay cannot be attributed to DHS.  Tijani's
administrative proceedings had ended shortly before the oral argument at the Ninth Circuit.  *See*
28   *Tijani*, 430 F.3d at 1247-48 & n. 7.  The main portion of Arteaga's detention, however, occurred after
the BIA's decision and resulted from his filing of the petition with the Ninth Circuit.  This portion of
the delay is therefore attributable to his own choice.

- 6 -

1   States to any other country failed. *Id.* at 678. Nadarajah received a grant of asylum and his

2   removal was not reasonably foreseeable. *Nadarajah*, 443 F.3d at 1081.

3          In contrast, Arteaga has been denied all forms of relief from removal. Once his appeals are

4   completed, DHS will secure his travel documents for the repatriation to El Salvador. The

5   pendency of Arteaga's petition for review does not render removal unforeseeable. *See Soberanes*

6   *v. Comfort,* 388 F.3d 1305, 1311 (10th Cir. 2004). Therefore Arteaga's detention has an end-

7   point.

8                  **4.      Release under Federal Rule of Appellate Procedure 23(b)**

9          Petitioner's request for relief under Rule 23 is premature. "While a decision not to release

10  a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the

11  Supreme Court, or a judge or justice of either court" may order that the prisoner be released. Fed.

12  R. App. P. 23(b); *see also Nadarajah*, 443 F.3d at 1083 ("Also pending before the panel is

13  Nadarajah's renewed motion for release pending appeal. We have authority to order such a release

14  pursuant to Fed. R.App. P. 23(b)."). No decision regarding Petitioner's release has been issued at

15  this point, and no appeal of such decision is pending. Therefore at this stage Rule 23 is not

16  applicable.

17         Even if Rule 23(b) were applicable, Petitioner does not meet the standard articulated by the

18  Ninth Circuit for this type of relief:

19              the proper standard for evaluating a similar motion was "the traditional standard for interim
                injunctive relief, [according to which] the moving party 'must show either (1) a probability
20              of success on the merits and the possibility of irreparable harm, or (2) that serious legal
                questions are raised and the balance of hardships tips sharply in the moving party's favor.'
21              " As we have explained, "these two alternatives represent extremes of a single continuum,
                rather than two separate tests."
22

23  *Nadarajah,* 443 F.3d at 1083 (citations omitted). Arteaga has not shown a probability of success

24  on the merits. In the petition brought before the Ninth Circuit, he argued that his conviction for

25  joy-riding does not qualify as an aggravated felony for purposes of removal, because it was

26  categorically overbroad due to its inclusion of liability for accessories after the fact. (*See* Pet. at

27  9). Arteaga, however, was also convicted under section 11377(A) of the Health and Safety Code

28  of California for the offense of possession of methamphetamine, a deportable offense. *See*

    *Cruz-Aguilera v. I.N.S.,* 245 F.3d 1070, 1073 (9th Cir. 2001). ("Because we conclude that

                                                    - 7 -

1  Cruz-Aguilera committed a deportable offense covered by INA § 237(a)(2)(B)(i)-possession of a

2  controlled substance-we dismiss his petition for direct review.").  Petitioner cites his continued

3  detention as the irreparable harm.  However, as concluded above, the detention is his voluntary

4  choice.  Similarly, Petitioner does not raise serious legal questions as to his claims, both because

5  he may choose to end the detention, and because his release is reasonably foreseeable.  For the

6  same reasons, the balance of hardships does not tip sharply in Arteaga's favor.

7        Accordingly, Arteaga is not entitled to the relief under Rule 23(b).

8        **B.     Motion for Extension of Time to File Traverse**

9        On November 2, 2007, Petitioner filed a motion for an extension of time to file a Traverse.

10  The request is dated October 23, 2007.  Because Petitioner filed his Traverse on October 31, 2007,

11  the motion for an extension is denied as moot.

12                          **V.  CONCLUSION**

13        Based on the above, the fully-briefed Petition for Writ of Habeas Corpus is **DENIED.**

14        **IT IS SO ORDERED.**

15

16  DATED:  November 13, 2007

17                                    _____

18                                    Hon. Roger T. Benitez
                                      United States District Judge

19

20

21

22

23

24

25

26

27

28

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2008

FOR THE NINTH CIRCUIT

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

FAOUR ABDALLAH FRAIHAT,

        Petitioner - Appellant,

    v.

MICHAEL CHERTOFF; et al.,

        Respondents - Appellees.

No. 07-56703

D.C. No. CV-06-01541-DMS
Southern District of California,
San Diego

ORDER

Before:   T.G. NELSON and TASHIMA, Circuit Judges.

The motion to proceed in forma pauperis is granted.  The Clerk shall amend the docket to reflect this status.

Appellant's motions for appointment of counsel, for release pending appeal, and to expedite this appeal are denied without prejudice to renewal following a decision by this court in *Casas-Castrillon v. Lockyer*, 07-56261.

The court, on its own motion, stays the briefing and hearing of this appeal. Within 28 days after this court's decision in *Casas-Castrillon*, appellant shall either:  (1) renew his motions for appointment of counsel, for release pending appeal and to expedite this appeal; or (2) notify the court that he intends to stand on the opening brief previously filed.   If appellant stands on the opening brief, the

rb/MOATT

07-56703

answering brief shall be due 30 days after the filing date of such notice.  The

optional reply brief shall due within 14 days after service of the answering brief.

Appellees may also file an appropriate motion after this court's decision in

*Casas-Castrillon*.

1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10   EUGENE SUPNET,                    )    Civil No. 06CV2169 JAH(RBB)
                                       )
11                  Petitioner,        )    **ORDER DENYING PETITION FOR**
     v.                                )    **WRIT OF HABEAS CORPUS**
12                                     )
     ALBERTO GONZALES, Attorney        )    [28 U.S.C. § 2241]
13   General, *et al.*,                )
                                       )
14                  Respondents.       )
                                       )
15   ──────────────────────────────────)

16                         **INTRODUCTION**

17          Currently pending before this Court is the petition for writ of habeas corpus filed by

18   petitioner Eugene Supnet ("petitioner") pursuant to 28 U.S.C. § 2241.  The petition has been

19   fully briefed by the parties.  After a careful consideration of the pleadings and relevant exhibits

20   submitted by the parties, and for the reasons set forth below, this Court DENIES the petition

21   for writ of habeas corpus in its entirety.

22                          **BACKGROUND**

23          Petitioner is a native and citizen of the Philippines.  On March 14, 2004, petitioner was

24   detained by the Immigration and Customs Enforcement ("ICE"), an agency of the Department

25   of Homeland Security ("DHS"), for removal proceedings based on charges that petitioner is

26   removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony)

27   and 8 U.S.C. § 1227(a)(2)(E)(i) (alien convicted of a crime of child abuse).  An immigration

28   judge ordered petitioner removed on May 17, 2005.  The removal order became final when the

Bureau of Immigration of Appeals ("BIA") summarily affirmed the removal order on September 2, 2005. Petitioner, on October 3, 2005, filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals along with a motion to stay his removal pending the appeal. The Ninth Circuit granted petitioner's stay request on February 24, 2006. The petition for review remains pending before the Ninth Circuit.

The instant petition was filed on September 29, 2006. Respondent's return to the petition was filed on February 9, 2007 and petitioner's traverse was filed on April 20, 2007. The government also filed a notice of supplemental authority on April 23, 2007.

## DISCUSSION

In the instant petition, petitioner seeks release from custody, contending that he is being unconstitutionally detained for an indefinite period. Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, provides that once removal proceedings are complete, the detention and release of aliens shifts from INA § 236 to INA § 241, 8 U.S.C. § 1231, which directs that DHS endeavor to remove an alien within ninety days after the start of a removal period. 8 U.S.C. § 1231(a)(1)(A). Further, INA § 241 provides that:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). An alien ordered removed pursuant to convictions for certain criminal offenses,[1] may be detained beyond the ninety day removal period. 8 U.S.C. § 1231(a)(6). Aliens detained under Section 1231(a)(6) may seek release after the ninety day period has expired. Zadvydas v. Davis, 533 U.S. 678, 701(2001). Six months detention after the ninety day period has expired is considered "presumptively reasonable" unless the alien demonstrates that "there is no significant likelihood of removal in the reasonably foreseeable future. Id.

---

[1] Specifically, aliens found removable under sections 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2) or 1227(a)(4). Because petitioner was found removable under Section 1227(a)(2), this section applies to him.

1   Petitioner contends that he is being detained longer than is statutorily or constitutionally

2   allowed because his detention has lasted longer than the presumptively reasonable six month

3   period announced in <u>Zadvydas</u>.  However, the six month presumptively reasonable time period

4   does not apply here because petitioner's ninety day removal period has not yet begun to run

5   since the Ninth Circuit's stay order is still in effect.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also*

6   <u>Ma v. Ashcroft</u>, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001)("If the removal order is stayed

7   pending judicial review, the ninety-day [removal] period begins running after the reviewing

8   court's final order.").

9   Petitioner urges this Court to apply the rationale presented by the Ninth Circuit in

10  <u>Nadaraja v. Gonzales</u>, 443 F.3d 1069 (9th Cir. 2006) and <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th

11  Cir. 2005), cases in which the Ninth Circuit determined the alien petitioner was being

12  unconstitutionally held for an indefinite period.  *See* <u>Nadaraja</u>, 443 F.3d at 1084; <u>Tijani</u>, 430

13  F.3d at 1241.  This Court finds these cases are inapplicable to this case because neither

14  Nadaraja or Tijani were aliens being voluntarily detained pursuant to their own requested stay

15  of removal.  *See* <u>Cruz-Ortiz v. Gonzales</u>, 221 Fed. Appx. 531, 2007 WL 580670 *1 (9th Cir.

16  2007).  As the <u>Cruz-Ortiz</u> court explained, <u>Zadvydas</u> clearly mandates aliens be held in custody

17  "'[a]fter entry of a final removal order and during the 90-day removal period ...'" <u>Id.</u> (quoting

18  <u>Zadvydas</u>, 533 U.S. at 683; *see also* <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003)("the

19  Government may constitutionally detain deportable aliens during the limited period necessary

20  for their removal proceedings.").  Petitioner, here, fits squarely into that category of aliens

21  requiring mandatory detention pending his appeal of the final removal order, a category that

22  petitioner voluntarily entered by requesting a stay of the removal order.

23  This Court finds that petitioner has failed to demonstrate his removal is not significantly

24  likely in the reasonably foreseeable future.  Rather, the only impediment to petitioner's removal

25  is his pending petition for review and related stay of removal.  Once the Ninth Circuit decides

26  his petition for review, the DHS will remove or release petitioner.  Thus, contrary to the

27  petitioner in <u>Zadvydas</u>, petitioner's detention is neither "indefinite" nor "potentially

28  permanent." <u>Zadvydas</u>, 533 U.S. at 690-91.  Therefore, this Court finds petitioner has failed

to make a threshold showing of indefinite detention.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus is DENIED in its entirety.  The Clerk of Court shall terminate this action.


Dated:      August 29, 2007

HON. JOHN A. HOUSTON
United States District Judge

4