1 | **JAMES FIFE**
California State Bar No. 237620
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
Telephone: (619) 234-8467
4 | james_fife@fd.org

5 | **Attorneys for IBRAHIM MBODJI**

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | (HON. JANIS L. SAMMARTINO)

11 | **IBRAHIM MBODJI,**                      Case No. 08CV0517-JLS (NLS)

12 |                         Petitioner,

13 |          v.                              **PETITIONER'S TRAVERSE**

14 | **MICHAEL CHERTOFF, et al.,**

15 |                         Respondents.

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.       RESPONDENTS' ARGUMENT THAT THEY ARE NOT RESPONSIBLE FOR ANY
         ADMINISTRATIVE DELAY IS IMMATERIAL TO CLAIMS UNDER TIJANI AND
         NADARAJAH AND IS UNSUPPORTED ON THE RECORD. . . . . . . . . . . . . . . . . . . . 2

         A.      Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

         B.      Tijani/Nadarajah Relief Is Not Predicated on the Particular Source of the Prolonged Delay.
                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         C.      Mr. Mbodji Should Not Be Penalized for Seeking Necessary Continuances Or for
                 Continuances Caused by Independent Procedural Necessities And Ordered by the IJ. . . 7

         D.      Administrative Exhaustion Is Not Required. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                 1. There Is No Jurisdictional Requirement of Exhaustion. . . . . . . . . . . . . . . . . . . . 10

                 2. When the Prudential Factors Are Considered, Exhaustion Would Be a
                 "Futile Gesture." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

II       MR. MBODJI IS NOT IN "VOLUNTARILY DETENTION." . . . . . . . . . . . . . . . . . . 14

         A.      Respondents' Argument Has Been Consistently Rejected When Subjected to
                 Full Scrutiny. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

         B.      The "Voluntary Detention" Notion Is Rationally Bankrupt And Should Be Rejected . . 14

                 1. Respondents Perpetrate a False Dilemma Between Detention and Removal. . . . . . . 15

                 2. No Binding Authority Supports Respondents' Theory. . . . . . . . . . . . . . . . . . . . . 15

                 3. Respondents Propose an Unreasonable, Forced Election of Constitutional Rights. . 16

                 4. The "Voluntary Detention" Rationale Applies Equally to Cases Where Relief
                 Was Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

                 5. Respondents' Claim That Detention Is "Voluntary" Is Factually Absurd. . . . . . . . 18

III      RESPONDENTS' CLAIM LACKS MERIT THAT THIS CASE IS MATERIALLY
         DISTINGUISHABLE FROM THE GOVERNING CASES. . . . . . . . . . . . . . . . . . . . . 19

         A.      Zadvydas Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

         B.      Tijani/Nadarajah Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

IV       ORAL ARGUMENT IS APPROPRIATE TO CLARIFY THE ISSUES. . . . . . . . . . . . . 24

i



CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

APPENDIX A
APPENDIX B

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aguilera-Ruiz v. Ashcroft,
    348 F.3d 835 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Arango-Marquez v. INS,
    346 F.3d 892 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Beharry v. Ashcroft,
    329 F.3d 51 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Castro-Cortez v. INS,
    239 F.3d 1037 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,10

Clark v. Martinez,
    543 U.S. 371 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,22

Cruz-Ortiz v. Gonzales,
    221 Fed. App'x 531 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 5,14,16

Demore v. Kim,
    538 U.S. 510 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . 2,5,12,16,19,22

Downen v. Warner,
    481 F.2d 642 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fernandez-Vargas v. Gonzales,
    548 U.S. 30 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,10

Judulang v. Chertoff,
    535 F. Supp.2d 1129 (S.D. Cal. 2008) . . . . . . . . . . . . . . . 2,14,20,21,23

Laing v. Ashcroft,
    370 F.3d 994 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Liu v. Waters,
    55 F.3d 421 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Ly v. Hansen,
    351 F.3d 263 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Mandujano-Real v. Mukasey,
    ___ F.3d ___, 2008 WL 2131324 (9th Cir. May 22, 2008) . . . . . . . . . . . . . . . . . . 9

Martinez v. Gonzales,
    504 F. Supp.2d 887, 899 (C.D. Cal. 2007) . . . . . . . . . . . . . . 6,20,21,23,24

Mau v. Chertoff,
    ___ F. Supp.2d ___, 2008 WL 687368 (S.D. Cal. Mar. 11, 2008) . . . . . . . . . . . . . . . 2,14,20,21,23

Nadarajah v. Gonzales,
    443 F.3d 1069 (9th Cir. 2006) . . . . . . . . . . . . . . . . . 1,2,4,5,6,12,16,18,19,20,21,22,23,24

Noriega-Lopez v. Ashcroft,
    335 F.3d 874 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11,13

Oyedeji v. Ashcroft,
    332 F. Supp. 2d 747, 753 (M.D. Pa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 16

Rasul v. Bush,
    542 U.S. 466 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

SEC v. G.C. George Sec., Inc.,
    637 F.2d 685 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tijani v. Willis,
    430 F.3d 1241 (9th Cir. 2005) . . . . . . . . . . . . . . . . 1,2,4,5,6,7,12,16,18,19,20,21,22,23,24

Tinoco v. Ridge,
    359 F. Supp.2d 1042, 1049-50 (S.D. Cal. 2005) . . . . . . . . . . . . . . . . . 3,11

United States v. Ahumada-Aguilar,
    295 F.3d 943 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Watson v. United States,
    128 S. Ct. 579 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Zadvydas v. Davis,
    533 U.S. 678 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,13,15,22,23

**DOCKETED CASES**

Casas-Castrillon v. Lockyer,
    No. 07-56261 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Mustanich v. Gonzales,
    No. 07CV1100-WQH (LSP), 2007 WL 2819732 (S.D. Cal. Sept. 26, 2007) . . . . . . . . . . . 20,21
Straube v. Chertoff,
    No. 07CV1751-JM (NLS) . . . . . . . . . . . . . . . . . . . . . . . . . 2,12,14,17,19,20,21,23
Tijani v. Mukasey,
    No. 05-70195 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Tijani v. Willis,
    No. 04-55285 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL STATUTES**

8 U.S.C. § 1182(d)(5)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
8 U.S.C. § 1226(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
8 U.S.C. § 1226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
8 U.S.C. § 1231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
8 U.S.C. § 1229a(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
8 U.S.C. § 1231(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
28 U.S.C. § 2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3,10,11,16

**FEDERAL REGULATIONS**

8 C.F.R. § 1003.2(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
8 C.F.R. § 1003(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
8 C.F.R. § 1003.3(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
8 C.F.R. § 1003.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**FEDERAL RULES**

Fed. R. App. P. 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
9th Cir. R. 36-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**MISCELLANEOUS**

21 C.J.S. Courts § 227 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

ABA Model Rules of Professional Conduct 3.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Rules of Professional Conduct 3-110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Immigration Court Practice Manual § 9.3(d) (Apr. 2008) . . . . . . . . . . . . . . . . . . . . . . 8,12

U.S. Gen. Accounting Office, Immigration Enforcement: Better Data and Controls Are Needed to Assure
    Consistency with the Supreme Court Decision on Long-Term Alien Detention (2004) . . . . . . 15

1  **JAMES FIFE**
   California State Bar No. 237620
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   Telephone: (619) 234-8467
4  james_fife@fd.org

5  Attorneys for IBRAHIM MBODJI

6

7

8                     UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                    (HON. JANIS L. SAMMARTINO)

11  **IBRAHIM MBODJI,**                    Case No. 08CV0517-JLS (NLS)

12                         **Petitioner,**

13             v.

14  **MICHAEL CHERTOFF, et al.,**           **PETITIONER'S TRAVERSE**

15                         **Respondents.**

16

17                      **STATEMENT OF THE CASE**

18         Petitioner, Ibrahim Mbodji, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

19  on March 20, 2008. Mr. Mbodji sought release pending the outcome of his challenges to his deportation order

20  under the authority of Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d

21  1069 (9th Cir. 2006). Those decisions applied the due process principles of Zadvydas v. Davis, 533 U.S. 678

22

23  (2001), against unreasonable civil immigration detention to cases where the order of removal is subject to

24  further legal challenges.

25         Respondents filed their Return on May 22, 2008. Respondents argue the Petition should be denied,

26  because the administrative removal process was delayed by necessary continuances, Petitioner required an

27

28  additional 12 days to file his pro se opening brief in the BIA, and he did not appeal a bond reduction. Return

                                          1

at 4-5.  Respondents next contend Mr. Mbodji is in "voluntary detention," as he sought and obtained a stay of his removal order.  Return at 5-8.  Respondents also argue that <u>Zadvydas</u>, <u>Tijani</u>, and <u>Nadarajah</u> are distinguishable from this case, and so do not provide a basis for relief.  Return at 9.

For the reasons given below, each of Respondents' contentions should be rejected, and this Court should grant the Petition.  This Court should, therefore, follow the reasoning of other judges of this Court, who have recently denied each of Respondents' legal contentions.  See <u>Judulang v. Chertoff</u>, 535 F. Supp.2d 1129 (S.D. Cal. 2008); <u>Mau v. Chertoff</u>, ____ F. Supp.2d ___, 2008 WL 687368 (S.D. Cal. Mar. 11, 2008); Order Partially Granting Petition for Writ of Habeas Corpus, <u>Straube v. Chertoff</u>, No. 07CV1751-JM (NLS) (S.D. Cal. May 14, 2008) ("Straube Order").

**ARGUMENT**

**I**

**RESPONDENTS' ARGUMENT THAT THEY ARE NOT RESPONSIBLE FOR ANY ADMINISTRATIVE DELAY IS IMMATERIAL TO CLAIMS UNDER <u>TIJANI</u> AND <u>NADARAJAH</u> AND IS UNSUPPORTED ON THE RECORD.**

**A.**     **Introduction.**

Respondents lose sight of the ultimate issue in this case: the unlawful, prolonged detention pending outcome of legal challenges to the removal order.  Instead, they detail the procedural history of Mr. Mbodji's removal process at length in order to support a claim that they are not to blame for past administrative delay in processing his removal order.  Return at 2-5.  They repeatedly assert that Mr. Mbodji obtained seven continuances during that process, and so he alone is to blame for its prolongation.  Return at 1, 4, 5, 10.  Respondents accuse Mr. Mbodji of citing his prolonged detention "without examining the reasons for the length of detention."  Return at 10.

However, it is Respondents who make sweeping generalizations ignoring the actual length, source, and purpose of those continuances. When one attends to the facts, far from showing that *none* of the delay was due to acts of Respondents, Return at 1, *over half of the five months* required for removal proceedings before the immigration judge ("IJ") was procedural delay, not continuances by Mr. Mbodji. Counsel seems to draw groundless distinctions between acts of one of his clients (DHS) and another (DOJ), claiming "the Government" should not be held responsible for delays *ordered* by the IJ, as opposed to delays *requested* by DHS attorneys.

The central fact, however, for Tijani/Nadarajah purposes is that it does not matter who is responsible for the routine delays in processing removal orders and subsequent review, if there is no evidence that parties have deliberately stalled the process by dilatory tactics. Nowhere do the cases suggest that only detainees who have never sought a continuance can obtain release.

Respondents further argue that because Mr. Mbodji failed to appeal a bond reduction that he *won*, and his attorney did not seek a pointless reconsideration of OR release after a denial by ICE, he should not now be heard to complain that his prolonged detention violates substantive due process. Return at 2-5. Respondents claim "he failed to exhaust his administrative remedies." Return at 5. To the contrary, there is no jurisdictional exhaustion requirement for habeas corpus petitions under 28 U.S.C. § 2241, nor could the issue of substantive due process be raised as a legitimate factor supporting release either to the ICE officials or before the IJ. Respondents' argument borders on the frivolous, because they are surely aware that there is no requirement of exhaustion to pursue a § 2241 petition in this Circuit. See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006); Tinoco v. Ridge, 359 F. Supp.2d 1042, 1049-50 (S.D. Cal. 2005). Mr. Mbodji's claims are ripe for decision and not barred.

**B.**     _**Tijani/Nadarajah Relief Is Not Predicated on the Particular Source of the Prolonged Delay.**_

As an initial matter, Respondents' argument is predicated on a false premise that for Tijani/Nadarajah

relief to lie, the prolonged delay in litigating the legality of the removal must be Respondents' fault, that is,

it must somehow be "attributable to the Government." Return at 1. In fact, the controlling cases show that

normal delay in litigation justifies relief, and release is warranted if removal is not reasonably foreseeable

because of ordinary litigation delays, regardless of the source. See Tijani, 430 F.3d at 1242 (noting anticipated

time for resolution on appeal to be a year or more); Nadarajah, 443 F.3d at 1081 (prolonged detention may

be "indefinite" despite existence of future terminus to the review process).

Tijani involved an immigration detainee who, like Mr. Mbodji, was challenging his removal order

and was detained for 32 months pending the outcome. See 430 F.3d at 1242. Over a third of the delay

occurred after the removal order was administratively final, but a stay was in effect. See id. at 1247 n.7

(Tashima, J., concurring). The Ninth Circuit held that the detention was unreasonable and reversed Judge

Hayes's denial of habeas relief. See id. at 1242. In Nadarajah, the Court of Appeals reversed Judge Burns's

denial of habeas relief for a detainee who was held for 52 months pending the decision on his asylum claim.

See 443 F.3d at 1071. Moreover, the Ninth Circuit held Mr. Nadarajah was entitled to admission to parole

under 8 U.S.C § 1182(d)(5)(A) and to bail pending appeal under Fed. R. App. P. 23(b). See id. at 1082-84.

Finding the detention was indefinite and "plainly unreasonable by any measure," the Court of Appeals ordered

the petitioner released. Id. at 1081, 1084.

Nothing in these decisions intimated that the delays attending litigation of a removal order must be

apportioned to one party or another before eligibility for relief is shown. A review of Tijani and Nadarajah

demonstrates that the origin of any procedural delays was immaterial to their holdings. Neither holding cites

requests for continuances as a basis to deny relief, though the Tijani majority does note past government

1  continuances in explaining that the appellate process may take a year or more. See Tijani, 430 F.3d at 1242.

2  In his concurring opinion in Tijani, however, Judge Tashima notes that the petitioner had also sought

3
4  continuances, but then dismisses the argument that these justify denying the habeas petition: "Even

5  considering the individual factors of Tijani's case, the amount of time he has been detained remains

6  unreasonable. While it is true that Tijani requested continuances, those occurred early in the process, and have

7
8  not contributed at all to the year-long delay since the BIA heard his appeal. See Ly[ v. Hansen], 351 F.3d [263,

9  272 (6th Cir. 2003)] (delay attributable to immigrant can help justify continued detention); cf. Demore[ v.

10  Kim], 538 U.S. [510, 530-31 (2003)] (immigrant's request for a continuance helped justify the 'somewhat

11
12  longer than average' length of his detention)."   Tijani, 430 F.2d at 1249 (Tashima, J., concurring).

13  Respondents' reasoning failed to garner majority support in Tijani, where the record showed continuances

14  granted to both sides.   Nadarajah contains no discussion on the effect of any requested extensions, but does

15
16  note that the Government sought two continuances during removal. See 443 F.3d at 1073.[1]

17        Judge Tashima cited to the Sixth Circuit's decision in Ly.  In that case, the Court of Appeals did note

18  that courts must be on the guard against detainees' use of dilatory tactics to "put off the final day of

19  deportation" or to "compel a determination that the alien must be released because of the length of

20  incarceration." 351 F.3d at 272.  Nonetheless, Ly continues:

21
22        However, appeals and petitions for relief are to be expected as a natural part of the process.
        An alien who would not normally be subject to indefinite detention cannot be so detained

23
24
---
25  [1] As regards delays during the judicial appeal process, the Ninth Circuit dockets show
there were no continuances during the pendency of Nadarajah.  In the underlying petition for

26  review in Tijani, both sides requested extensions of time.  See Exhibit A attached hereto to
(docket from Tijani v. Mukasey, No. 05-70195 (9th Cir.)).  In the habeas appeal, the Government

27  sought a 14-day extension to file its original response brief.  After counsel was appointed for Mr.
Tijani and supplemental briefing was ordered, he requested extensions of one week and three

28  weeks respectively to file the substitute brief and reply, so again, both sides sought continuances.
See Exhibit B attached hereto (docket from Tijani v. Willis, No. 04-55285 (9th Cir.)).

merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount that such determinations may take. The mere fact that an alien has sought relief from deportation does not authorize the INS to drag its heels indefinitely in making a decision. The entire process, not merely the original deportation hearing, is subject to the constitutional requirement of reasonability.

Id. In light of the discussion in Tijani and Ly, typical and justified delays attending the litigation process do not foreclose relief, even if sought by the petitioner. As long as there is no indication that the extensions and continuances are not in good faith, they are just part of the normal process. Such interruptions in the linear progress of the case are part of the reason why the Ninth Circuit found that removal is not reasonably foreseeable when protracted litigation extends civil detention: "Nor are we persuaded by the government's argument that because the Attorney General will someday review Nadarajah's case, his detention will at some point end, and so he is not being held indefinitely. No one can satisfactorily assure us as to when that day will arrive. Meanwhile, petitioner remains in detention." Nadarajah, 443 F.3d at 1081; see also Martinez v. Gonzales, 504 F. Supp.2d 887, 899 (C.D. Cal. 2007) (accepting claim of indefinite detention under Nadarajah, because petition for review might result in remand and there is no timetable for when the Court of Appeals would decide the petition for review, finding "These reasons are sufficient to show that petitioner's removal is not reasonably foreseeable" under Zadvydas).

Delays attend virtually every instance of litigation in our courts and so are no basis to deny prolonged detainees relief under Tijani/Nadarajah. Otherwise, courts would be penalizing detainees by forcing them to choose between their right to personal liberty and the right to present their legal challenges fully and fairly. That is true even more when continuances are requested and granted while the detainee is represented by counsel; unless Respondents can argue that counsel behaved unethically in deliberately delaying a case to obtain an advantage in litigation, the fact that additional time may be needed to prepare a case is no reason

1  to permit indefinite incarceration.

2  **C.     Mr. Mbodji Should Not Be Penalized for Seeking Necessary Continuances Or for
3        Continuances Caused by Independent Procedural Necessities And Ordered by the IJ.**

4
5        Respondents make no showing that Mr. Mbodji's requests for extensions of time were made in bad
6  faith or for purposes of delay or securing an advantage.  Although they accuse Mr. Mbodji of overlooking the
7  specifics of the procedural history, Return at 1, it is *Respondents* who fail to attend to the actual facts of this
8  case.  Based on the timeline asserted by Respondents in their Return at 2-3, the *majority* of the delay in his
9
10 administrative procedure was the result of actions beyond his control and ordered by the Government, not due
11 to his requests.[2]

12        Respondents refer repeatedly to "seven continuances" sought by Mr. Mbodji, six in front of the IJ
13 and one before the BIA.  Return at 2-5.  Respondents fail to count three additional continuances ordered on
14 the IJ's own motion.  <u>See</u> Return at 3.  Nor do Respondents provide the Court with the actual *lengths* of these
15
16 delays to provide some yardstick to gauge the relative effects nor do they discuss in their argument the actual
17 reasons for the postponements.  Return at 4-5.  Instead, they simply make the broad-stroke accusations that
18 seeking continuances–however short or for whatever reason–justify denying the Petition.
19
20        When one attends to the actual facts, it is clear that Mr. Mbodji was neither dilatory nor the sole party
21 responsible for the delays.  Initially, Mr. Mbodji was granted a two-day continuance to locate an attorney.
22 Return at 2; Return Exhibits at 16.  At the next hearing, he requested a redetermination of his $10,000 bond,
23 and the IJ set the hearing eight days later.  Return Exhibits at 18.  According to the immigration court
24
25

26 _____
27     [2] Respondents make no allegation that Mr. Mbodji, despite his custodial, pro se status,
   has done anything to add to the nearly one-year delay in litigating his petition for review in the
   Ninth Circuit.  In this way, Mr. Mbodji's case is the same as Mr. Tijani's, where his continuances
28 were very early in the administrative process an over a year will elapse while his appeal is
   pending.  <u>See Tijani</u>, 430 F.3d at 1249 (Tashima, J., concurring).

1  procedural manual, bond hearings are not necessarily held immediately on request, but in the IJ's discretion
2
   may be held later, at "the earliest possible date" that allows notice to both sides and an opportunity to present
3
4  evidence. EOIR, Immigration Court Practice Manual § 9.3(d) (Apr. 2008). Nothing in the record here shows
5  whether the continuance was at Mr. Mbodji's request, the Government's, or on the IJ's own motion. See
6
   Return Exhibits at 18.
7
        At the bond hearing, Mr. Mbodji was successful in getting his bond reduced to $7,500. Return
8
9  Exhibits at 22. At that hearing, the IJ apparently identified three potential bases for relief from removal and
10 continued the hearing for six days to allow Mr. Mbodji time to file applications; again the record does not
11
   state if the extension was at the request of Mr. Mbodji or on the IJ's own motion. See Return Exhibits at 23.
12
13 At the next hearing, Mr. Mbodji asked for more time to find an attorney and to complete his applications for
14 relief; he was granted about three weeks' extension. Return Exhibits at 25.
15
        To this point, nothing indicates that Mr. Mbodji was seeking to delay the proceedings unduly for
16
   purposes of postponing removal or to foment a future Tijani/Nadarajah claim. The delays were short,
17
18 averaging a little over one week, and were for the unquestionably legitimate purposes of trying to find legal
19 representation, requesting a bond reduction, and preparing a case for three potential grounds for relief. Aliens
20 with limited English abilities proceeding pro se while incarcerated can reasonably be expected to need extra
21
   time for any of these matters. See United States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002)
22
23 (" '[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the
24 Internal Revenue Code in complexity.' ") (citations and internal quotations omitted). None of these
25 continuances, even assuming that the re-scheduling of the bond hearing was not the IJ's own decision, can be
26
27
28

1  shown to be improper stalling.[3]

2      Once counsel appears, however, the matter of continuances should be viewed in the context of the
3  
4  lawyer's ethical duty not to engage in dilatory tactics.  See ABA Model Rules of Professional Conduct 3.2;
5  Cal. Rules of Professional Conduct 3-110.  In that light, the mere requesting of continuances by counsel
6  
7  cannot be taken as justifying a denial of habeas relief.  Absent any evidence to the contrary, counsel's request
8  for a four-week continuance in order to prepare Mr. Mbodji's asylum claim must be presumed normal and
9  proper in the course of litigation.  See Return at 3; Return Exhibits at 28.

10      Moreover, following counsel's appearance, all subsequent delay in processing was due to the
11  
12  procedural requirements of litigating the removal decision.  Thus, a continuance of over a month was ordered
13  by the IJ on November 1, 2006, "so that [Mr. Mbodji] could be interviewed by an asylum officer."  Return
14  at 3.    At the next hearing, the IJ continued the hearing on his own, assertedly for unspecified
15  " 'operational/security factors.' " Id.  A month later, another continuance of four week was ordered to allow
16  
17  the court to provide a French interpreter so that Mr. Mbodji could testify fully on his asylum claim.  Id.;
18  Return Exhibits at 35.  The matter was finally decided on January 30, 2007, when the IJ ordered removal and
19  denied relief.  Return at 3; Return Exhibits at 38.

20      In all, Mr. Mbodji and his attorney were demonstrably responsible for requesting **57 days** of
21  
22  continuance, roughly split 50-50 between Mr. Mbodji personally and his attorney.  However, the delay
23  occasioned by the orders of the IJ–without a request from Mr. Mbodji–totaled **98 days**, or roughly 63% of the
24  total delay at the immigration-court stage.  Thus, far from showing Mr. Mbodji was the sole source of delay

25  

26  _____
27      [3] For example, it is not unheard of that pro se aliens may seek multiple, short
    continuances in order to locate an attorney who is willing and able to represent them for fees the
    detainee can afford.  See Mandujano-Real v. Mukasey, ___ F.3d ___, 2008 WL 2131324, at *1
28  n.2 (9th Cir. May 22, 2008) (alien requested two week-long continuances to obtain counsel, but
    then had to proceed in propria persona when he could not do so).

before the IJ, independent procedural requirements and decisions of the IJ–an employee of Respondents–account for the majority of the extra time to litigate the removal.  Mr. Mbodji's requests were all short postponements for undisputably legitimate purposes, and new counsel's one-month delay to prepare an asylum application was likewise manifestly not mere foot-dragging–that asylum claim is now the focus of Mr. Mbodji's petition for review.

As for Respondents' seventh cited continuance in the BIA, Mr. Mbodji, proceeding pro se, was granted a three-week extension to file his opening brief, but filed it early, after only 12 extra days.  Return Exhibits at 53, 54.  This delay was clearly *de minimis,* and the dispatch he showed in filing early dispels any claim of improper motive for delay.

In short, Respondents can point to nothing except the raw fact that continuances occurred in the administrative portion of this case (only), but less than half of the delay was demonstrably at Petitioner's behest.  Even the 37% of delay due to his and counsel's requests was patently for legitimate purposes of obtaining counsel, filing for relief, and seeking a bond redetermination, not bad faith efforts to drag out the process.  Respondents' attempt to penalize Mr. Mbodji for the protracted length of the underlying litigation in this Tijani/Nadarajah claim is utterly meritless.

**D.      Administrative Exhaustion Is Not Required.**

Respondents also argue that the Petition should be denied, because Mr. Mbodji "failed to exhaust administrative remedies."  Return at 5.  To the contrary, no jurisdictional exhaustion attaches to petitions under § 2241, and the prudential factors supporting exhaustion are inapplicable here.

*1. There Is No Jurisdictional Requirement of Exhaustion.*

Ninth Circuit law consistently recognizes there is no jurisdictional exhaustion requirement for habeas corpus petitions under 28 U.S.C. § 2241.  See Castro-Cortez, 239 F.3d at 1047; Noriega-Lopez v. Ashcroft,

335 F.3d 874, 880-81 (9th Cir. 2003); see also Tinoco, 359 F. Supp.2d at 1049-50. Rather, administrative exhaustion in § 2241 cases is a "judge-made, prudential requirement, and therefore is not 'jurisdictional.'" Tinoco, 359 F. Supp.2d at 1050. The purposes of this prudential rule are to avoid interference with agency processes and to allow a full record to be developed on the issue. See Liu v. Waters, 55 F.3d 421, 424 (9th Cir. 1995). Consequently, exhaustion is *not* required in all cases, contrary to Respondents' assertions, Return at 1, 4, 5, 10, nor is application of an exhaustion rule automatic. In deciding whether prudence would require exhaustion, the courts look to three factors: (1) agency expertise on the issue making administrative consideration necessary for a proper decision and record; (2) the need to avoid promoting deliberate bypass of the administrative scheme; and (3) the likelihood of administrative review to correct mistakes, obviating the need for judicial review. See Noriega-Lopez, 335 F.3d at 881. Moreover, "where demanding exhaustion would be a 'futile gesture,'" prudential exhaustion is waived. Tinoco, 359 F. Supp.2d at 1050 (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

### 2. When the Prudential Factors Are Considered, Exhaustion Would Be a "Futile Gesture."

Respondents argue that because Mr. Mbodji failed to appeal a bond reduction that he *won*, and his attorney did not seek a pointless reconsideration after a denial by ICE of counsel's request for release without bond, he has failed to exhaust his administrative remedies. Return at 2-5. Not only would seeking further review have been pointless and futile, but any failure to exhaust review of the bond condition does not apply to a petition raising the separate issue of prolonged detention violating substantive due process under Tijani/Nadarajah.

Respondents argue Mr. Mbodji should have appealed his bond reduction. That does not make sense, not only because one would not expect failure to exhaust to apply to a procedural *win*, but also because the circumstances attending pre-removal detention are very different from those for a post-removal, prolonged

1  detention.  Two years ago, a $7,500 bond may have appeared feasible, and therefore not worth challenging

2  further.  But after an additional 20 months of detention, with no income,  the reasonableness of that bond on

3  changed circumstances is highly questionable.  Moreover, as discussed below, the constitutional claim of a

4  substantive due process violation at the heart of this <u>Tijani</u>/<u>Nadarajah</u> petition is one that was neither ripe nor

5  suitable for the IJ.  As Judge Miller recognized in <u>Straube</u>, claims of indefinite detention evolve over time,

6  presenting new bases and giving rise to new claims.  <u>See</u> Straube Order at 3.

7

8         As for the argument that Mr. Mbodji's attorney failed to seek an IJ review of her request that ICE

9  grant an OR release, doing as Respondents argue was entirely futile, since IJs cannot grant release on OR.

10

11  <u>See</u> 8 U.S.C. § 1226(a)(2)(A) (Attorney General can release pre-removal alien on minimum $1,500 bond).

12  Since only ICE could grant release on parole, counsel's request to have the IJ grant OR would have been

13

14  contrary to law.  There is no requirement to exhaust remedies prohibited by statute and regulation.

15         In any event, exhaustion is prudentially desirable only when requiring an agency determination

16  carries procedural benefits which contribute to the full airing of the issues.  But here, exhaustion would

17

18  provide no agency expertise, is not necessary to avoid procedural end-runs, and would not likely lead to an

19  administrative correction of error.  Indeed, exhaustion would serve no useful purpose whatever.  For instance,

20  because neither production of a record nor even an actual hearing is required for IJ bond determinations, there

21

22  is no guarantee that further administrative review would have provided this Court with any additional basis

23  for its ruling here.  <u>See</u> EOIR, <u>Immigration Court Practice Manual</u> § 9.3(d) (IJ need not hold actual hearing),

24  § 9.3(e)(iii) (bond hearing generally not recorded).

25         But more importantly, the question raised in the instant Petition is one that the IJ and BIA have no

26  authority or expertise to determine: the constitutional reasonableness of Mr. Mbodji's current detention under

27

28  the Fifth Amendment, as interpreted in <u>Zadvydas</u>, <u>Tijani</u>, and <u>Nadarajah</u>.  Because these are not questions on

1  which the agency has special expertise and, indeed, is not even charged to consider in a bond determination,

2  the prudential factors supporting exhaustion are absent here.  See Noriega-Lopez, 335 F.3d at 881.  Also, as

3
4  only **post-removal detainees** who raise Tijani/Nadarajah issues may bring a § 2241petition such as this,

5  nothing encourages procedural bypass of the **pre-removal** bond process.  After all, it is the quintessential

6  function of an Article III habeas court to decide the reasonableness of a detention.  See Zadvydas, 533 U.S.

7
8  at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably

9  necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory

10  authority.  The basic federal habeas corpus statute grants the federal courts authority to answer that question.

11  See 28 U.S.C. § 2241(c)(3) (granting courts authority to determine whether detention is 'in violation of the

12  ... laws ... of the United States').  In doing so the courts carry out what this Court has described as the 'historic

13
14  purpose of the writ,' namely, 'to relieve detention by executive authorities without judicial trial.' ") (citation

15  omitted).

16
17       Because the instant Petition raises constitutional issues not in the purview of the IJ or BIA and are

18  entirely separate from questions of amount and suitability of a bond, the prudential exhaustion rule is

19  inapplicable.  See Arango-Marquez v. INS, 346 F.3d 892, 896-97 (9th Cir. 2003) (Zadvydas claim of

20  indefinite detention was separate claim from challenge to removal, requiring no prudential exhaustion); SEC

21
22  v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir. 1981) (reviewing facts on case-by-case basis, no

23  exhaustion required if agency review is futile or would result in void action); Downen v. Warner, 481 F.2d

24  642, 643 (9th Cir. 1973) (rejecting exhaustion argument, stating, "Resolving a claim founded solely upon a

25
26  constitutional right is singularly suited to a judicial forum and clearly inappropriate to an administrative

27  board"); Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (exhaustion not required where agency review

28  is inadequate, irreparable harm would follow, administrative appeal is futile, or petitioner raises a substantial

constitutional question).

Because Respondents point to no basis why further review of the bond reduction satisfies any of the prudential factors supporting exhaustion, their claim that this <u>Tijani</u>/<u>Nadarajah</u> petition is foreclosed lacks merit.

II

**MR. MBODJI IS NOT IN "VOLUNTARILY DETENTION."**

On the merits, Respondents rely principally on their thread-bare concept of "voluntary detention." Their arguments have been repeatedly rejected as lacking any substance.  This Court should do likewise.

**A.    <u>Respondents' Argument Has Been Consistently Rejected When Subjected to Full Scrutiny</u>.**

Respondents argue, citing <u>Cruz-Ortiz v. Gonzales</u>, 221 Fed. App'x 531 (9th Cir. 2007), that Mr. Mbodji's 22 months in civil custody awaiting the outcome of his petition for review is "voluntary" and so he is entitled to no relief. Return at 5-8. As Respondents note, Return at 8, this precise argument has been repeatedly rejected by other judges of this Court. <u>See</u> <u>Judulang</u>, 535 F. Supp.2d at 1133-34; <u>Mau</u>, 2008 WL 687368, at *4; Straube Order at 6. While Respondents do cite decisions of this Court holding the contrary, Return at 7, stating that this District is "split on the issue," the real difference between the two lines of decisions is that each of Respondents' cited cases was an instance where no attorney was appointed for the petitioner. The difference in result when lawyers fully participate on both sides is seen in the decisions cited above, where Respondents relied on the very same authorities, but to no avail. Respondents present no new bases in this case to justify a different result from <u>Judulang</u>, <u>Mau</u>, and <u>Straube</u>.

**B.    <u>The "Voluntary Detention" Notion Is Rationally Bankrupt And Should Be Rejected</u>.**

In any event, Respondents' theory of "voluntary detention" is fallacious, legally unsupported, unreasonable, immaterial, and factually absurd.

*1. Respondents Perpetrate a False Dilemma Between Detention and Removal.*

First, the "voluntary detention" theory is a fallacy, because it is premised on a false dilemma between detention and removal. According to Respondents, there is no alternative between continued detention by ICE and vacating the stay of the removal order. However, Respondents overlook the manifest third option of neither removal nor detention, but a release on supervision, just like any of the other 16,000 deportees whom ICE supervises on release. See U.S. Gen. Accounting Office, Immigration Enforcement: Better Data and Controls Are Needed to Assure Consistency with the Supreme Court Decision on Long-Term Alien Detention 19 (2004) (figures for fiscal year 2003). In fact, the statutes contain a separate body of provisions relating to pre-removal-order detention/release and post-order detention/release, 8 U.S.C. §§ 1226 & 1231, respectively. The existence of a set of statutory and regulatory provisions relating to the release of post-final-order deportees merely demonstrates that removal is *not* the only alternative to continued detention for deportable aliens with active appeals. Rather, it is precisely because Respondents' decision not to release Mr. Mbodji is unreasonable that habeas corpus relief is appropriate. See Zadvydas, 533 U.S. at 699 (describing review of unreasonably prolonged executive detentions as fulfilling the "historic purpose of the writ").

*2. No Binding Authority Supports Respondents' Theory.*

Second, Respondents can cite no binding authority for their "voluntary detention" theory. Instead, they rely on a one-paragraph, unpublished, per curiam disposition to support their position. Return at 3-4. Respondents can muster no greater legal foundation than one memorandum disposition, itself lacking any legal analysis or citation to authority, and despite the Circuit rule that such decisions carry no precedential weight beyond the specific case. See 9th Cir. R. 36-3(a). Indeed, as Circuit Judge Milan Smith remarked at the oral argument on Casas-Castrillon v. Lockyer, No. 07-56261 (9th Cir.), regarding the Government's use

of an unpublished case to support its argument, "it may even carry negative weight."[4]

Nor does Tijani, Nadarajah, or any of the Supreme Court cases from Zadvydas on, even mention the concept of "voluntary detention" or provide a basis for holding that due process protections are suspended by seeking lawful redress for illegal removal orders. Moreover, Cruz-Ortiz is factually unlike Mr. Mbodji's case, because the Government there had made efforts to removal Cruz-Ortiz lawfully, and had in fact put him on a bus, which was en route to Mexico when his attorneys filed an emergency petition for stay, which stopped the bus. See Cruz-Ortiz v. Gonzales, Petitioner's Opening Brief, available at 2006 WL 2984729 (June 30, 2006). Mr. Mbodji's removal was not dramatically halted in mid-stream, and his stay of removal has been in place for a year. Respondents present no binding, or even persuasive, legal analysis, and this contrasts with the thorough analyses rejecting "voluntary detention." See, e.g., Oyedeji v. Ashcroft, 332 F. Supp. 2d 747, 753 (M.D. Pa. 2004) ("An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations take.").

### 3. Respondents Propose an Unreasonable, Forced Election of Constitutional Rights.

Third, because Respondents' theory requires detainees to trade other rights to obtain freedom from detention, their analysis is unreasonable and fundamentally unfair. Respondents urge conditioning detainees' liberty on agreeing to forego the right to pursue their legal challenges. Relying on the fact that deportees are

---

[4] Adding to the non-authoritative nature of Cruz-Ortiz is the fact that the one sentence upon which Respondents rely is *obiter dictum*. In the first sentence of the disposition, the Court holds that the district court did not even have jurisdiction to consider Cruz-Ortiz's habeas petition under the REAL ID Act. See 221 Fed. App'x at 531. The next sentence, starting with "In any event . . .," is an alternative holding with no materiality to the outcome, given the existence of a dispositive, jurisdictional defect. See 21 C.J.S. Courts § 227 (2007) (citing as example of dictum additional discussion following finding of no jurisdiction).

16                                              08CV0517-JLS (NLS)

allowed to pursue petitions for review *in the courts* from abroad, Return at 7, Respondents ignore the corollary that immigration appeals not infrequently result in a remand to the administrative apparatus for final determination. Should an appellate win involve a remand to the IJ or BIA, relief will be precluded, for an alien may not pursue administrative proceedings from outside the United States. See 8 U.S.C. § 1229a(b)(5). Thus, while *judicial* review can proceed while the alien is abroad, the regulations make clear that the administrative process stops when an alien departs the country before its conclusion. See 8 C.F.R. §§ 1003.2(d), 1003.3(e), & 1003.4.

Were Mr. Mbodji to depart as Respondents urge, and his appeal is successful, but involves a remand for findings by the IJ as to his asylum claim, he would be unable to administratively appeal any adverse finding under the clear language of 8 C.F.R. § 1003.3(e): "Departure from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal." The statutes and regulations consistently contemplate that departure–voluntary or not–waives further administrative review. The courts have applied this departure bar very strictly. See Aguilera-Ruiz v. Ashcroft, 348 F.3d 835, 838-39 (9th Cir. 2003) (brief departure from country after deportation to buy tequila, candy, and a *piñata* for a party was a withdrawal of appeal of deportation order, stating "an alien against whom a deportation order has been issued cannot afford to become an international traveller if he hopes to maintain his status in this country") (citation and internal quotation marks omitted).

Under Respondents' analysis, a remand after a successful petition for review would be a Pyrrhic victory and shows the barrenness of their reasoning. It requires detainees to purchase their liberty at the price of abandoning the legal right to obtain administrative remedies resulting from a judicial appeal. See Straube Order at 6 (rejecting voluntariness claim in part because of departure bar on administrative review).

*4. The "Voluntary Detention" Rationale Applies Equally to Cases Where Relief Was Granted.*

Fourth, even if there were any legal merit or logic to Respondents' "voluntary detention" theory, they never explain how Mr. Mbodji's case is any different from the situation in <u>Tijani</u> or <u>Nadarajah</u> in that regard. By their logic, Mr. Tijani "stymied" the removal efforts by willfully filing habeas corpus petitions and a petition for review with a stay, and Mr. Nadarajah "obstructed" his deportation by voluntarily filing an asylum claim and obtaining a stay. <u>See</u> <u>Tijani</u>, 430 F.3d at 1242; <u>Nadarajah</u>, 443 F.3d at 1073. Taking affirmative steps lawfully to oppose an order of removal is not a proper basis to deny release here any more than it was in <u>Tijani</u> or <u>Nadarajah</u>.

*5. Respondents' Claim That Detention Is "Voluntary" Is Factually Absurd.*

Finally, Respondents' theory that detainees who challenge the legality of their removal orders are thereby choosing to remain in prolonged civil detention accords as little with factual reality as it does with legal authority. Mr. Mbodji is seeking release through this instant habeas action; he in no way consented, even by implication, to being incarcerated by ICE for 22 months, nearly four times longer than the presumptively reasonable detention period recognized in the Supreme Court cases. Respondents tumble far down the rabbit hole when they brazenly assert that Mr. Mbodji's forced incarceration is the result of any "voluntary" choices to remain in custody. Mr. Mbodji's detention is not "voluntary" in any ordinary sense of the word. To paraphrase the Supreme Court's recent observation in <u>Watson v. United States</u>, 128 S. Ct. 579, 583 (2007), "The Government may say that a person [is voluntarily detained] simply by receiving [a stay of removal], but no one else would." Only in Wonderland or Orwell's <u>1984</u> can a deleterious, forced detention be labeled "voluntary."

/ / /

/ / /

### III

### RESPONDENTS' CLAIM LACKS MERIT THAT THIS CASE IS MATERIALLY DISTINGUISHABLE FROM THE GOVERNING CASES.

Respondents argue that <u>Zadvydas</u>, <u>Nadarajah,</u> and <u>Tijani</u> do not apply to Mr. Mbodji's case.  Return at 9.  Their attempts to distinguish this case from the controlling law are groundless.

**A.**    ***Zadvydas* Claim.**

Respondents argue that the Supreme Court's decision in <u>Zadvydas</u> does not apply here, but ignore the fact that the Ninth Circuit in <u>Tijani</u> and <u>Nadarajah</u> grounded its reasoning in the <u>Zadvydas</u> principles of due process limits on indefinite civil detention.  See <u>Tijani</u>, 430 F.3d at 1242; <u>Nadarajah</u>, 443 F.3d at 1082.  As Mr. Mbodji has shown, the Ninth Circuit cases are a natural development of the due process reasoning represented by a string of Supreme Court cases including <u>Zadvydas</u>, <u>Demore v. Kim</u>, 538 U.S. 510 (2003), and <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).  Petition at 4-8.  Judge Miller likewise recognized that the legal pedigree of <u>Tijani</u>/<u>Nadarajah</u> lies in the <u>Zadvydas</u> reasoning.  Straube Order at 5-6.

Notwithstanding Respondents' claim that <u>Zadvydas</u> due process principles are limited to the facts of that case, Return at 9, the authoritative law of this Circuit is that the prolonged delays *attending judicial review* are remediable under <u>Zadvydas</u>, even if there is some theoretical end to those proceedings.  The Ninth Circuit does not define indefinite detention as do Respondents, and it specifically rejected this line of reasoning in <u>Nadarajah</u>.  There, the Government argued that because the administrative review of the petitioner's asylum claim would eventually end, he was not indefinitely detained under <u>Zadvydas</u> and progeny.  See 443 F.3d at 1081.  To this, the Court of Appeals replied, "Nor are we persuaded by the government's argument that because the Attorney General will someday review Nadarajah's case, his detention will at some point end, and so he is not being held indefinitely. No one can satisfactorily assure us as to when that day will arrive. Meanwhile, petitioner remains in detention."  <u>Id.</u>  What is critical for qualifying as "indefinite"

detention under <u>Nadarajah</u> is not that there is some future endpoint to the process, but that no definite timetable for reaching that terminus exists. <u>See also</u> <u>Martinez</u>, 504 F. Supp. 2d at 899 (accepting claim of indefinite detention under <u>Nadarajah</u>, because petition for review might result in remand and there is no timetable for when the Court of Appeals would decide the petition for review, finding "These reasons are sufficient to show that petitioner's removal is not reasonably foreseeable" under <u>Zadvydas</u>); <u>Mau</u>, 2008 WL 687368, at *5 (noting that even if the appeal has finite duration, decision may result in remand and further proceedings); Straube Order at 7; <u>Mustanich v. Gonzales</u>, No. 07CV1100-WQH (LSP), 2007 WL 2819732, at *9-10 (S.D. Cal. Sept. 26, 2007) (rejecting Respondents' "reasonably foreseeable" argument).

    <u>Tijani</u> expressly included time on judicial review as contributing to the overall delay justifying granting habeas relief, and on that basis, this Court has repeatedly rejected Respondents' contrary claim that delays during appeal somehow do not count toward prolonged detention. <u>See</u> <u>Judulang</u>, 535 F. Supp. 2d at 1133-34; <u>Mau</u>, 2008 WL 687368, at *4; Straube Order at 6; <u>Mustanich</u>, 2007 WL 2819732, at *8. As the inherent delays attending appellate review are not excluded from the calculation of lengthy detention, it stands to reason that reasonable acts taken by a detainee to litigate his claims fully cannot be treated as barring relief, as Respondents claim. Return at 10. Respondents argue that because Mr. Mbodji, but not the Government, sought and obtained extensions of time in immigration court, he should obtain no relief. Return at 10. However, it cannot be the case that a party–especially one, like Mr. Mbodji, who is represented by an attorney–is considered dilatory and acting in bad faith simply for requesting limited extensions of time. It is doubtful that Respondents would label the *Government* as being dilatory in the appeals at issue in <u>Judulang</u>, <u>Mau</u>, and <u>Straube</u>, even though the Government in each of those cases asked for and was granted extensions of time on appeal. An extension of time is a normal event in litigation and one of the reasons why cases typically proceed slowly on both sides. Unless Respondents are able to substantiate a charge that Mr. Mbodji

1  was acting improperly in causing unjustified delay to foment a Tijani/Nadarajah claim, their blustering about

2  the delays caused by legitimate extensions of time carries no weight.

3

4  **B.**    ***Tijani/Nadarajah* Claim**.

5          Respondents also repeat the previously rejected argument that because Mr. Mbodji is currently in

6  judicial review, Tijani and Nadarajah do not apply to him.  Return at 9.  The argument that Tijani/Nadarajah

7  are limited to cases on administrative review has been roundly rejected in the cases.  See Judulang, 535 F.

8

9  Supp. 2d at 1133-34; Martinez, 504 F. Supp.2d at 896; Mau, 2008 WL 687368, at *4; Straube Order at 6;

10 Mustanich, 2007 WL 2819732, at *8.

11         There is no merit to the claim that Tijani/Nadarajah relief is dependent on the particular forum in

12 which the review process is stalled.  A writ of habeas corpus acts " 'upon the person who holds [the prisoner]

13

14 in what is alleged to be unlawful custody,' " Rasul v. Bush, 542 U.S. 466, 478 (2004) (quoting Braden v. 30th

15 Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973)), not on the particular source of the illegal

16

17 detention.  Thus, it does not matter whether a slow administrative or judicial procedure is the cause of

18 prolonged detention.  The facts in Nadarajah indeed involved delay arising from administrative processing

19 of his asylum claim; however, there was nothing in the decision indicating that that factor had any effect on

20 the outcome there.  Nadarajah was expressed in broad terms, based on the interpretation of the general

21

22 immigration detention statutes, as viewed through the lens of the Supreme Court's case law.  A similar

23 argument that Nadarajah was limited to the specific facts of a case still on administrative review was rejected

24 in Martinez, 504 F. Supp. 2d at 896 ("The Ninth Circuit did not limit its holding in Nadarajah to the facts of

25 that case or otherwise indicate that it was crafting a rule of limited application because of the relatively

26

27 unusual posture of the petitioner's application for relief from removal.").

28 ///

Moreover, Nadarajah and Tijani are fully consonant decisions. See id. at 895. Even if the former involved no judicial review in resolving the underlying case, Tijani did, where over a third of the total delay occurred after the removal order was administratively final. To the extent that the procedural posture of the underlying appeal is material to its reasoning, even if Nadarajah is factually distinct from this case in that regard, Tijani is not.[5]

Respondents next argue that because the *administrative portion* of the removal litigation was not extraordinarily prolonged, Petitioner has no claim for relief. Return at 5, 10. But whether the administrative portion of review was expeditious does not preclude a claim that the *overall detention* is unreasonable. The Supreme Court specifically rejected a similar argument in Zadvydas. Justice Kennedy argued at length in his dissent that relief should not be granted for substantive due process deprivation, because the detainees had been given adequate custody reviews under the regulations governing immigration detention. Zadvydas, 533 U.S. at 720-24 (Kennedy, J., dissenting). However, Zadvydas expressly rejected his reasoning and instead held that following the procedural niceties did not vitiate a substantive due process claim: "And, for the reasons we have set forth, we believe that an alien's liberty interest is, at the least, strong enough to raise a serious question as to whether, *irrespective of the procedures used*, cf. post, [121 S. Ct.] at 2515-2517 (Kennedy, J., dissenting), the Constitution permits detention that is indefinite and potentially permanent." Zadvydas, 533 U.S. at 696 (emphasis added).

Respondents' attempts to balkanize the prolonged detention into administrative and judicial delays merely obscures the crucial fact under Zadvydas, Tijani, and Nadarajah that Mr. Mbodji's 22-month detention pending the outcome of his active, ongoing petition for review is unreasonable, because "there is no

---

[5] For example, in Martinez, the petitioner's administrative review was completed more than four years before the writ was granted. See id. at 889.

1   significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. As Tijani

2   noted, appellate review may take a year or more, see 430 F.3d at 1242, and that may be followed by an

3

4   administrative remand and further review.  Such delay is, as in Judulang, "attributable to the complexity of

5   the issues [Petitioner] has raised, not dilatory tactics . . . ." 535 F. Supp. 2d at 1134.

6          Respondents also claim Tijani is distinct.  They claim that Mr. Mbodji "was responsible for nearly

7   all the delay in the proceedings."  Return at 9.  But the Tijani decision and docket show that Mr. Tijani

8

9   requested unspecified continuances before the IJ, and he was responsible for requesting the majority of the

10  extension time during the habeas appeal (28 days versus 14 days requested by the Government).  See 430 F.3d

11  at 1249 (Tashima, J., concurring); Exhibit B (entries for June 14, 2004; September 27, 2004; and November

12

13  22, 2004).  Yet, the Ninth Circuit did not view this as warranting denial of relief.  In fact, here the ratios are

14  almost reversed: only about one-third of the delay was due to Mr. Mbodji's requests and two-thirds were due

15  to other procedural necessities.  Respondents also claim that waiving administrative review is a pertinent

16  distinction here, but this was never addressed in Tijani, and there is no logical reason why that would make

17  a difference to Mr. Mbodji's due process claim.  See supra Argument I.D.  As for the claim that this case

18

19  differs, because Mr. Mbodji is not mandatorily detained, that same argument, too, has been repeatedly rejected

20  by this Court and others.  See Mau, 2008 WL 687368, at *3; Straube Order 5-6; Martinez, 504 F. Supp.2d at

21  896-97.

22

23         Relief under Tijani/Nadarajah is warranted when a detainee shows he has raised a substantive

24  argument on appeal, and the delay in litigating that claim has resulted in prolonged detention.  See Judulang,

25  535 F. Supp. 2d at 1134 (adopting the "substantive argument" standard proposed by Judge Tashima in Tijani).

26

27  A detainee need not show certainty of outcome to prevail.  See Return at 9 (noting that in Nadarajah the

28  detainee had won at every level, whereas Mr. Mbodji has not).  While it is true that the facts in Nadarajah

show the Government persisted in unsuccessfully challenging the petitioner's solid string of administrative

wins, see Nadarajah, 443 F.3d at 1081, that fact was never identified as a criterion to obtain relief. Thus, as

observed in Martinez, 504 F. Supp. 2d at 899, "the Ninth Circuit did not suggest that the rare success enjoyed

by the petitioner in Nadarajah was a prerequisite for demonstrating the absence of a significant likelihood of

removal in the reasonably foreseeable future." Likewise, the petitioner in Tijani had not "won at every

administrative level," or at any level until then, and yet Judge Hayes's denial of the habeas petition was

reversed. See Tijani, 430 F.3d at 1247 & n.7 (noting adverse IJ and BIA results in underlying case). None

of the decisions of the Ninth Circuit or this Court granting relief has required such a showing, and this Court

should likewise reject the argument.

IV

**ORAL ARGUMENT IS APPROPRIATE TO CLARIFY THE ISSUES.**

Respondents request oral argument in the caption of their Return. Mr. Mbodji agrees that oral

argument may assist the Court to reach a decision, by airing the principal arguments on both sides and

providing an opportunity for the parties to address the Court's questions.

**CONCLUSION**

For the foregoing reasons, and those given in the Petition, Mr. Mbodji is entitled to release, because

he has been unreasonably and excessively detained during the course of pursuing his substantive legal

challenges to his removal. Accordingly, the Court should grant the Petition and issue a writ of habeas corpus

/ / /

/ / /

/ / /

/ / /

1 | forthwith, ordering Petitioner's release from custody on reasonable and appropriate conditions of supervision.

2 | See 8 U.S.C. § 1231(a)(3).

3

4 | Respectfully submitted,

5 | Dated: June 4, 2008

            s/ James Fife
            JAMES FIFE
6           Federal Defenders of San Diego, Inc.
            Attorneys for Petitioner Mbodji
7           james_fife@fd.org

# Appendix A

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 05-70195 | **Docketed:** 01/11/2005 |

Tijani, et al v. Mukasey
**Appeal From:** Board of Immigration Appeals

**Case Type Information:**
   **1)** agency
   **2)** review
   **3)** Los Angeles Central California

**Originating Court Information:**
   **District:** BIA-1 : A27-431-266
   **Date Filed:** 01/10/2005

**Prior Cases:**
   04-55285
   **Date Filed:** 02/19/2004    **Date Disposed:** 12/13/2005    **Disposition:** Reversed, Remanded - Opinion

**Current Cases:**
   None

| | |
|---|---|
| MONSURU OLASUMBO TIJANI (A27-431-266)<br><br>          Petitioner | Monsuru Olasumbo Tijani<br>Direct: 510-593-4077<br>[COR LD NTC Pro Se]<br>Apt. 21<br>3132 Southampton<br>Richmond, CA 94806-0000<br><br>Cecillia D. Wang, Esq., Attorney<br>Direct: 415/343-0775<br>Fax: 415/395-0950<br>[COR LD NTC Pro Bono Appointment]<br>ACLU IMMIGRANTS' RIGHTS<br>PROJECT<br>39 Drumm Street<br>San Francisco, CA 94111-0000 |

v.

MICHAEL B. MUKASEY, Attorney
General
             Respondent

CAC-District Counsel, Esq., Attorney
[COR LD NTC Government]
OFFICE OF THE DISTRICT COUNSEL .
Department of Homeland Security
606 S. Olive St.
Los Angeles, CA 90014-1551

Ronald E. LeFevre
[COR LD NTC Government]
OFFICE OF THE DISTRICT COUNSEL
Department of Homeland Security
P.O. Box 26449
San Francisco, CA 94126-6449

Ernesto H. Molina, Jr., Esq., Attorney
Direct: 202/616-9344
Fax: 202/616-4975
[COR LD NTC Government]
DOJ - U.S. DEPARTMENT OF JUSTICE
Civil Division/Office of Immigration
Litigation
P.O. Box 878, Benjamin Franklin Station
Washington, DC 20044

OIL
[COR LD NTC Government]
DOJ - U.S. DEPARTMENT OF JUSTICE
Civil Division/Office of Immigration
Litigation
P.O. Box 878, Benjamin Franklin Station
Washington, DC 20044

MONSURU OLASUMBO TIJANI,

             Petitioner

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent

| 01/10/2005 | 1 | FILED INS PETITION FOR REV DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL, NOTIFIED RESPONDENTS OF FILING. Pursuant to G.O. 6.4(c)(7), the schedule is set as follows: Certified Administrative Record due 7/8/05 petitioner's opening brief is due 8/17/05; respondents' brief is due 9/16/05; petitioner's optional reply brief is due 14 days from service of respondent's brief. [05-70195] |
| 01/10/2005 | 2 | Filed Petitioner Monsuru Olasumbo Tijani's motion to proceed in forma pauperis; served on 1/6/05 (MOATT) [05-70195] |
| 01/18/2005 | 3 | Filed Petitioner Monsuru Olasumbo Tijani motion for stay of deportation; Served on 1/13/05 . Briefing schedule is suspended until further order of the court. Pursuant to G.O. 6.4(c)(1 and 3) [05-70195] Cert. Admin. Record and Response to Stay Motion due 3/21/05 (MOATT) |
| 03/18/2005 | 5 | 60 day oral extension of time by phone to file Respondent John Ashcroft response to petitioner's motion for stay is granted. [05-70195] respondents' response due 5/20/05. |
| 04/22/2005 | 6 | FILED 4 CERTIFIED COPIES OF ADMINISTRATIVE RECORD ON APPEAL (OVER SIZE LOCATION- ISLAND 1) [05-70195] [05-70195] |
| 05/26/2005 | 8 | Filed order MOATT (KR) Resp's failure to file a response to the stay mtn is construed as a statement of non opp to the motion. The temp stay shall continue in effect until iss of the mdt or until further order. If the Agency gr vol dep and the stay motion was filed within the vol dep period, the vol dep period was also stayed nunc pro tunc to the filing date of the stay motion and also continues in effect until iss of the mdt or until further order. The opening brief is due 7/12/05, answering brief 8/11/05, reply brief is due 14 days from service. [05-70195] |
| 06/01/2005 | 9 | Rec'd notice of change of address from Monsuru Olasumbo Tijani for Petitioner Monsuru Olasumbo Tijani dated 5/24/05. New address is S.D.C.F., P.O. Box 439049, San Ysidro, CA 92143. [05-70195] |
| 07/05/2005 | 10 | 14 day oral extension by phone of time to file Monsuru Olasumbo Tijani's opening brief. [05-70195] petitioner's opening brief due July 22, 2005; respondent's answering brief due August 22, 2005; and the optional reply brief is due 14 days after service of the answering |

|            |    | brief. |
|------------|----|--------|
| 07/21/2005 | 11 | Filed original and 15 copies of Petitioner Monsuru Olasumbo Tijani's opening brief of 50 pages; served on 7/18/05. (Informal: y) [05-70195] |
| 08/08/2005 | 12 | Filed resp's motion for ext of time to file response to pet's brief; served on 8/5/05. (to moatt - motion to proceed ifp pending) |
| 08/08/2005 | 14 | Filed notice of appearance of Linda Wernery and William Peachey for the resp. (Withdrew as counsel: attorney OIL for Alberto R. Gonzales ) [05-70195] |
| 08/18/2005 | 15 | Filed Petitioner Monsuru Olasumbo Tijani's opposition to resp's motion for ext of time to file resp's brief; served on 8/15/05. (MOATT) [05-70195] |
| 08/22/2005 | 17 | Filed order MOATT (App Comm) The motion to proceed IFP is granted. The clerk shall amend the docket to reflect this status. Resp's mtn for ext of time to file brief is granted, the answering brief is due 10/21/05. () [05-70195] |
| 08/22/2005 | 18 | Received Petitioner Monsuru Olasumbo Tijani's declaration asserting violation of court's order of stay of removal; served on 8/18/05. (MOATT) [05-70195] |
| 09/01/2005 | 19 | Filed order MOATT (LH) The court has received petitioner's declaration asserting violation of Court's stay of removal. On 05/26/05 this court issued an order construing respondent's failure to respond as a statement of non-opposition. Accordingly, pursuant to 9th CIR General Order 6.4(c) petitioner cannot be removed from the country until issuance of the mandate. The Clerk shall serve a copy of the 05/26/05 order on respondent. [05-70195] |
| 09/08/2005 | 20 | Rec'd notice of change of address from Monsuru Olasumbo Tijani for Petitioner Monsuru Olasumbo Tijani dated 8/31/05. New address is 1115 N. IMperial Avenue, El Centro, CA 92243. [05-70195] |
| 10/19/2005 | 25 | Filed resp's motion for ext of time to file response to pet's brief; served on 10/18/05.(PROMO) |
| 10/26/2005 | 27 | Filed order PROMO (at) Resp's late mtn for a 7 day ext of time to file answering brief is granted. Answering brief is due 10/28/05. The optional reply brief is due 14 days from service. [05-70195] |
| 10/28/2005 | 32 | Filed Petitioners' opposition to resp's second ext of time to file brief; served on 10/24/05. (no action nec) [05-70195] |
| 11/01/2005 | 30 | Filed original and 15 copies of respondent's answering brief of 40 |

pages; served on 10/28/05. [05-70195]

| | | |
|---|---|---|
| 11/10/2005 | 33 | Filed original and 7 copies of Monsuru Olasumbo Tijani's reply brief of 23 pages; served on 11/7/05.(Informal: n ) [05-70195] |
| 11/30/2005 | 35 | Calendar check performed [05-70195] |
| 12/23/2005 | 37 | Filed Monsuru Olasumbo Tijani's additional citations, served on 12/19/05. (moatt) [05-70195] |
| 04/21/2006 | 38 | Rec'd notice of change of address from Monsuru Olasumbo Tijani for Petitioner Monsuru Olasumbo Tijani dated 4/20/06. New address is 1350 7th St.,#A229,Oakland, CA 94607. [05-70195] |
| 08/24/2006 | 40 | Received letter from pro se dated 8/21/06 re: pursuant to Circuit Rule 25-2...status of case pending since 11/14/05 when reply brief was filed. (MOATT)_ |
| 11/03/2006 | 43 | Removed from screening calendar. [05-70195] [05-70195] |
| 11/03/2006 | 44 | Filed order PROSE (app comm) Upon review of the record and the briefing, this court has determined that the appointment of pro bono counsel in this petition would benefit the court's review. The court by this order expresses no opinion as to the merits of this petition. The Clerk shall enter an order appointing pro bono counsel to represent petitioner for purposes of this petition only. Pro bono counsel shall consult with the client to determine whether: 1) replacement briefing or; 2) supplemental briefing and petitioner's previously filed briefs will be sbumitted to the judges deciding this petition. The court encourages the submission of replacement briefing rather than supplemental briefing. If petitioner elects to file supplemental briefing, respondent shall also file a replacement brief or shall notift he court in writing that respondent stands on the previously filed answering brief. Both parties shall indicate on the cover pages of the briefs whether they are replacement briefs or supplemental briefs. Pro bono counsel shal appear at oral argument. The Clerk shall establish a revised briefing schedule. The petition is stayed pending further order of the court. If petitioner objects to the court's appointment of counsel in this petition, petitioner shall file a written objection within 14 days after the filing date of this order. ( ) [05-70195] |
| 11/07/2006 | 45 | Filed order (Deputy Clerk: jmr) PuPursuant to this court's order appointing pro bono cnsl. The following aty is hereby appointed. If pet does not object to this ord in writing within 14 days from the date of entry of this order, the clk shall amend the record to reflect that Cecillia D. Wang, Esq., is cnsl of record for pet in this appeal. , |

setting schedule as follows: petitioners' r/s opening brief due 1/29/07; respondents' r/s brief due 2/28/07; petitioners' reply brief due 3/14/07; .. This appeal shall be calendared for oral argument on the next available calendar after briefing. [05-70195]

| | | |
|---|---|---|
| 01/31/2007 | 46 | Filed original and 15 copies of Petitioner's opening brief of 50 pages; served on 1/29/07. (Informal:n) Minor deficiency: no addencum, Notified counsel. [05-70195] |
| 02/02/2007 | 47 | Filed original and 15 copies of Petitioner Monsuru Olasumbo Tijani's replacement/corrected opening brief of 48 pages; served on 2/1/07. [05-70195] |
| 02/28/2007 | 48 | Filed respondent's motion for extension of time to file supplemental response to petitioner's brief; served on 2/27/07. (PROSE) |
| 03/06/2007 | 50 | Filed order PROSE (jac) The untimely 2/28/07 motion for an extension of time to file the supplemental ans brief is granted. The brief is due 4/13/07, the supplemental reply brief is due 14 days after service. [05-70195] |
| 04/16/2007 | 52 | Filed original and 15 copies of Respondent's answering brief of 37 pages; served on 4/11/07. [05-70195] |
| 04/19/2007 | 54 | Filed Petitioner Monsuru Olasumbo Tijani's unopposed motion for ext of time to file reply brief; served on 4/19/07. (to pro se unit PROMO - pro bono csl apptd) [05-70195] |
| 04/30/2007 | 56 | Filed order PROMO (cag) The unopposed 4/19/07 motion for an ext of time to file the reply brief is granted, The supplemental brief is due 5/28/07. [05-70195] |
| 05/30/2007 | 57 | Filed original and 15 copies of Monsuru Olasumbo Tijani's reply brief (Informal: No) of 28 pages; served on 5/29/07. [05-70195] |
| 05/30/2007 | 58 | Filed Petitioner's motion for hearing before panel in previous related case; served on 05/29/07. (FED EX TO PREVIOUS PANEL in No 04-55285) [6188887] [05-70195] [05-70195] |
| 06/12/2007 | 59 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN) Petitioner's motion for rehearing before this panel is GRANTED. [05-70195] |
| 10/11/2007 | 64 | CALENDARED: San Francisco November 20, 2007 10:00 am Courtroom 1 [05-70195] |
| 11/07/2007 | 66 | Filed respondent Keisler's additional citations, served on 11/6/07. (panel) [05-70195] |

| 11/08/2007 | 68 | Filed notice of appearance of Ernesto Molina for the resp. (Withdrew as counsel: attorney Ada E. Bosque for Alberto R. Gonzales [05-70195] |
| 11/15/2007 | 70 | Filed Monsuru Olasumbo Tijani additional citations, served on 11/15/07.(PANEL) [05-70195] |
| 11/18/2007 | 71 | ***FAXED***Filed Respondent's additional citations, served on 11/18/07.(faxed to panel) [05-70195] |
| 11/19/2007 | 73 | Filed Monsuru Olasumbo Tijani's additional citations, served on 11/19/07.(PANEL) [05-70195] |
| 11/20/2007 | 74 | ARGUED AND SUBMITTED TO John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN [05-70195] |
| 11/21/2007 | 76 | Filed Monsuru Olasumbo Tijani additional citations, served on 11/21/07.(panel) [05-70195] |
| 11/28/2007 | 78 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN) Submission of this case is deferred pending the US Supreme Court's decision in Ali v. Achim, No. 06-1346, certiorari granted at 128 S.Ct. 29(2007) (9/25/07) [05-70195] |
| 01/25/2008 | 82 | Filed Monsuru Olasumbo Tijani additional citations, served on 1/24/08.(faxed to panel) [05-70195] |
| 02/10/2008 | 86 | Case deemed submitted on this date to John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN. (See previous deferral of submission.) Order filed: 2/20/08. [05-70195] |
| 02/14/2008 | 83 | Filed petr's Tijani additional citations, served on 2/14/08. (FAXED TO PANEL) [05-70195] |
| 02/20/2008 | 85 | Filed order (John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN) This case is hereby submitted for decision on 2/10/08. [05-70195] |
| 03/31/2008 | 87 | Changed attorney participant class Attorney Cecillia D. Wang in 05-70195 for Petitioner Tijani, Monsuru Olasumbo in 05-70195 |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2008 10:57:13 | | | |
| PACER Login: | us2256 | **Client Code:** | IM |

Appendix B

Court
Home    Case
Search    Orders/Judgments    Billing
History    XML    TXT    Logout    Help

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 04-55285 | **Docketed:** 02/19/2004 |
| **Nature of Suit:** 2530 Habeas Corpus | **Termed:** 12/13/2005 |
| Tijani v. Willis, et al | |
| **Appeal From:** US District Court for Southern California, San Diego | |

**Case Type Information:**
  **1)** prisoner
  **2)** federal
  **3)** habeas corpus

**Originating Court Information:**
  **District:** 0974-3 : CV-03-01624-WQH/JFS
  **Trial Judge:** William Q. Hayes, U.S. District Judge
  **Date Filed:** 08/13/2003
  **Date Order/Judgment:**      **Date NOA Filed:**
  01/22/2004                     02/05/2004

**Prior Cases:**
  None

**Current Cases:**
  None

MONSURU OLASUMBO TIJANI (A27-431-266)
            Petitioner - Appellant

v.

WAYNE K. INTERIM DIRECTOR, INTERIOR IMMIGRATION ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY
            Respondent - Appellee

David E. Dauenheimer, Esq., Attorney
Direct: 202/353-9180
Fax: 202/616-4950
[COR LD NTC Government]
P.O. Box 878, Benjamin Franklin Station
Washington, DC 20044-0000

CARYL THOMPSON
       Respondent - Appellee

David E. Dauenheimer, Esq., Attorney
Direct: 202/353-9180
[COR LD NTC Government]
(see above)

---

MONSURU OLASUMBO TIJANI,

       Petitioner - Appellant

v.

WAYNE K. INTERIM DIRECTOR, INTERIOR IMMIGRATION ENFORCEMENT,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY; CARYL
THOMPSON,

       Respondents - Appellees

---

| 02/19/2004 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. CADS SENT (Y/N): n/a. setting schedule as follows: aplt's designation of RT is due 2/17/04; appellee's designation of RT is due 2/25/04, ; appellant shall order transcript by 3/8/04; court reporter shall file transcript in DC by 4/6/04; certificate of record shall be filed by 4/13/04 ; appellant's opening brief is due 5/24/04; appellees' brief is due 6/22/04; aplt's reply brief is due 14 days from svc of the ans brf. (PROSE UNIT) [04-55285] |
|---|---|---|
| 05/24/2004 | 7 | Filed original and 6 copies of Appellant Monsuru O. Tijani opening brief of 5 pages with attachments; served on 5/20/04. (Informal: y) [04-55285] |
| 06/14/2004 | 8 | 14 day oral extension by phone of time to file Appellee Wayne K. Willis, Appellee Caryl Thompson's brief. [04-55285] appellees' brief due 7/6/04, ; appellants' reply brief due 14 days fr svc ans br. |
| 07/06/2004 | 9 | Filed orig & 15 copies aples' Willis ans brf of 17 pgs; 5 supp'l excerpts of record in 1 vol; served on 7/2/04. [04-55285] |
| 07/14/2004 | 13 | Filed motion and order PROMO (Dep Clk: cag) Appellee's motion for judicial notice and related filings shall be referred to the panel that considers the merits of the case for such treatment the panel deems appropriate. Any further request for judicial notice shall be treated in the same fashion.(motion received 7/6/04) [04-55285] |
| 07/19/2004 | 14 | Filed original and 7 copies of Monsuru O. Tijani's reply brief of 17 |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|------------|----|------------|

pages; served on 7/15/04. (Informal: y) [04-55285]

08/19/2004  16  FILED CERTIFIED RECORD ON APPEAL: 1 CLERK'S RECORD.(ORIGINAL) [04-55285]

09/03/2004  17  Filed order (Appellate Commissioner) Upon review of the record & the brfing in this appeal, this ct has determined that the appt of pro bono csl would benefit the ct's review. The ct by this order expresses no opinion on the merits of this appeal. Pro bono csl shall prepare supp'l brfing that will be submitted, along w/ aplt's brf, to the judges deciding this appeal, & shall appear at oral argument. If aplt objects to the ct's appt of pro bono csl in this aneal, aplt shall file a written objection within 14 days after the date of this order. If no objection is filed, the Clk shall amend the docket to reflect that Steven A. Hirsch & Lucas Guttentag are pro bono csl for the aplt. Aplt's supp'l opening brf is due 10/5/04; the ans brf is due 11/5/04; & the optional rpy brf is due 14 days after svc of the opening brf. This case shal be placed on the Dec. 2004, SF calendar. (PROSE) [04-55285]

09/21/2004  19  Filed order (Deputy Clerk: jmr) Pursuant to this Ct's Sept. 3, 2004, order appointing pro bono csl, the clk shall amend the dkt to reflect that Judy Rabinovitz, Esq., ACLU Immigrants Rights Project, 125 Broad St., N.Y., NY 10004, 212/549-2618, Fax 212/549-2654, email: jrabinovitz@aclu.org is apptd pro bono csl along with Lucas Guttentag, Esq., and Steven Hirsch, Esq. [04-55285]

09/27/2004  21  7 day oral extension by phone of time to file Appellant brief. [04-55285] appellants' brief due 10/12/04; appellees' brief due 11/12/04, ; appellants' reply brief due 11/26/04. This case shall be placed on the Jan. 2005, SF calendar. calendar.

10/13/2004  22  Filed original and 15 copies of Appellant Monsuru O. Tijani's opening brief of 46 pages and 6 excerpts of record in 1 volume; served on 10/12/04. (Informal: n) (replacement brief to be filed, only sent original of this brief to the casefile) [04-55285]

10/14/2004  23  Filed original and 15 copies of Appellant Monsuru O. Tijani's corrected brief 46 pages; served on 10/13/04.(sent to records with excerpts from first brief) [04-55285]

10/22/2004  24  Calendar check performed [04-55285]

10/29/2004  26  Calendar materials being prepared. [04-55285] [04-55285]

11/02/2004  27  CALENDARED: San Francisco Jan 10 2005 9:00 a.m. Courtroom 1 [04-55285]

11/15/2004  28  Filed original and 15 copies of appellee's answering brief of 39

| | | |
|---|---|---|
| | | pages; served on 11/12/04. (panel, records) |
| 11/22/2004 | 31 | Filed Appellant Monsuru O. Tijani's motion to extend time to file reply brief [04-55285] served on 11/22/04 [5246284] (Fax to Panel) [04-55285] |
| 11/30/2004 | 33 | Filed order (Deputy Clerk: hh) Pet's unopposed motion for an ext of time to file the reply brief is granted and said time is extended to and including 12/3/04. [04-55285] |
| 12/06/2004 | 34 | Filed original and 15 copies of Monsuru O. Tijani's reply brief of 24 pages; served on 12/3/04. (informal:n) (PANEL) |
| 12/14/2004 | 36 | Filed USA's additional citations, served on 12/13/04. (PANEL) [04-55285] |
| 12/22/2004 | 37 | Filed order (Deputy Clerk: hh)Appellee's request for judicial notice is granted. (phoned parties, faxed panel) [04-55285] |
| 01/05/2005 | 38 | Received USA's letter dated 1/5/05 re: the BIA summarily affirmed the IJ's removal order in this case, fyi to panel. (PANEL) [04-55285] |
| 01/06/2005 | 39 | Filed resp's additional citations; served on 1/5/05. (PANEL) [04-55285] |
| 01/07/2005 | 41 | Received Steven A. Hirsch for Appellant Monsuru O. Tijani letter dated 1/7/05 re: letter in response to the Gov's 1/5/05 letter. (PANEL) [04-55285] |
| 01/10/2005 | 42 | ARGUED AND SUBMITTED TO John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN [04-55285] |
| 01/20/2005 | 44 | Received Steven A. Hirsch for Appellant Monsuru O. Tijani letter dated 1/20/05 re: As I mentioned at oral argument on 1/10/05 these papers relate to the goverment's mootness argument. (PANEL) [04-55285] |
| 10/11/2005 | 45 | Received Steven Arthur Hirsch for Appellant Monsuru O. Tijani letter dated 10/11/05 re: Pursuant to CR 25-2, encourages counsel to file a notice of delay if no merits panel decision has been reached within 9 mos. (FYI-PANEL) [04-55285] |
| 12/13/2005 | 47 | FILED OPINION: REVERSED REMANDED ( Terminated on the Merits after Oral Hearing; Reversed; Written, Signed, Published. John T. NOONAN, author; A. W. TASHIMA, concurring; CONSUELO M. CALLAHAN, dissenting. ) FILED AND ENTERED JUDGMENT. [04-55285] |
| 12/27/2005 | 49 | Filed notice of appearance of David Dauenhiemer and Richard Evans |

|            |    |                                                                                                                                                                                 |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | for the resp. (Withdrew as counsel: attorney Ernest Cordero for Caryl Thompson, attorney Ernest Cordero for Wayne K. Willis) [04-55285]                                         |
| 12/27/2005 | 50 | Filed resp's motion to amend or modify the decision of the court; served on 12/23/05. (PANEL)                                                                                   |
| 01/03/2006 | 51 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN, ): The petitioner is directed to respond to the govt's mtn to amend or modify the decision within 14 days of the date of this order. PHONED [04-55285] |
| 01/17/2006 | 52 | Filed Appellant Monsuru O. Tijani's response to order setting response [5678514-1] ; served on 1/17/06 FEDEXED PANEL [04-55285]                                                 |
| 01/31/2006 | 54 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN, ): denying respondents' motion to amend or modify the 12/31/05 decision ...Judge Callahan would grant the mtn. [5674547-1] [04-55285] |
| 02/01/2006 | 55 | Filed Appellee Caryl Thompson reply to response supporting appellee's motion to amend or modify the decision of the ct [5674547-1] ;served on 1/31/06 FEDEXED PANEL [04-55285]   |
| 02/06/2006 | 56 | MANDATE ISSUED [04-55285]                                                                                                                                                      |
| 02/17/2006 | 57 | Filed Appellant Monsuru O. Tijani's emergency motion to compel compliance with this court's order or, alternatively, for writ of mandamus; exhibits; served on 2/17/06 [5728435] (faxed to PANEL) |
| 02/22/2006 | 58 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN): The govt is directed to respond to the petnrs emerg mtn. The resp shall be filed with this ct by 2/28/06. [04-55285] |
| 02/22/2006 | 59 | Rcvd amended proof of svc of aplts emergency mtn. casefile. [04-55285]                                                                                                          |
| 02/28/2006 | 60 | Received copy of District Court order filed on 2/15/06 re hearing. FAXED PANEL [04-55285]                                                                                       |
| 02/28/2006 | 61 | Filed Appellee Wayne K. Willis, Appellee Caryl Thompson response opposing emergency motion for injunction [5728435-1] served on 2/27/06 PANEL [04-55285]                        |
| 03/01/2006 | 62 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN, ): In light of the hearing before an immigration judge sched for 3/3/06, we defer consideration of the petitioner's Emergency motion to compel compliance with the court's order, or |

| | | |
|---|---|---|
| | | alternatively, for writ of mandanmus. We order the parties to provide an immediate rpt re the immigration judge's decision of 3/3/06. This rpt shall be filed by the parties no later than 3/7/06. Judge Callahan would deny the petitioner's emergency mtn and not require the rpt. PHONED [04-55285] |
| 03/02/2006 | 63 | Filed Appellant Monsuru O. Tijani's motion for leave to file reply in support of emergency mtn [04-55285] served on 3/2/06 [5740541] FEDEXED PANEL [04-55285] |
| 03/02/2006 | 64 | Filed Appellant Monsuru O. Tijani reply to response supporting emergency motion for injunction [5728435-1] ; served on 3/2/06 FEDEXED PANEL [04-55285] |
| 03/03/2006 | 65 | Filed Monsuru O. Tijani's report re 3/3/06 bail hearing, served on 3/3/06 PANEL [04-55285] |
| 03/07/2006 | 66 | Filed Wayne K. Willis, Caryl Thompson's status report, served on 3/6/06 PANEL [04-55285] |
| 03/08/2006 | 67 | Filed order ( John T. NOONAN, A. W. TASHIMA, CONSUELO M. CALLAHAN, ): Tijani's mtn to compel compliance with tthe order of this ct dated 12/13/05 is granted. The dc shall grant the writ of habeas corpus of forthwith with such considitons as the dc find approp to assure Tijani's appearance at the sched hearing before an immigration judge on 3/17/06. Judge Callahan dissents from the order granting the motion to compel compliance... PHONED/FAXED [5728435-1] [04-55285] |
| 09/08/2006 | 68 | RECORD RETURNED. (See control card for details.) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/30/2008 13:00:10 | | | |
| PACER Login: | us2256 | Client Code: | B |
| Description: | Docket Report (filtered) | Search Criteria: | 04-55285 |
| Billable Pages: | 3 | Cost: | 0.24 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM MBODJI, | ) Crim No. 08CV0517-JLS (NLS) |
| Petitioner, | ) |
| v. | ) CERTIFICATE OF SERVICE |
| MICHAEL CHERTOFF, et al., | ) |
| Defendant. | ) |

Counsel for Petitioner certifies that the foregoing pleading, is true and accurate to the best of his information and belief, and that a copy of the foregoing Petitioner's Traverse has been electronically served this day upon:

**Samuel William Bettwy**
Samuel.Bettwy@usdoj.gov, jaclyn.penley@usdoj.gov, efile.dkt.civ@usdoj.gov, pamela.bradley@usdoj.gov

Dated: June 4, 2008

            _/s/ James Fife_
            JAMES FIFE
            Federal Defenders of San Diego, Inc.
            225 Broadway, Suite 900
            San Diego, CA 92101-5030
            (619) 234-8467 (tel)
            (619) 687-2666 (fax)
            james_fife@fd.org