1  KAREN P. HEWITT
   United States Attorney
2  SAMUEL W. BETTWY
   Assistant U.S. Attorney
3  California State Bar No. 94918
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7119

6  Attorneys for Federal Respondents

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  IBRAHIMA MBODJI,                    )   Case No. 08cv0517-JLS (NLS)
                                        )   A98-807-641
12                 Petitioner,          )
                                        )
13       vs.                            )   NOTICE OF RECENT, CONTROLLING
                                        )   NINTH CIRCUIT DECISIONS
14                                      )   AND
    MICHAEL CHERTOFF, Secretary of      )   SUGGESTED SUPPLEMENTAL BRIEFING
15  Homeland Security, et al.,          )
                                        )
16                 Respondents.         )
                                        )
17

18       On July 25, 2008, the Ninth Circuit issued its decision in Prieto-Romero v. Clark, -- F.3d --,

19  2008 WL 2853396 (9th Cir. July 25, 2008), holding that Zadvydas[1] and Nadarajah[2] do not apply

20  where the only obstacle to removal is a pending petition for review. Id. at *7 ("Although his removal

21  has certainly been delayed by his pursuit of judicial review of his administratively final removal

22  order, he is not stuck in a "removable-but-unremovable limbo," as the petitioners in *Zadvydas*

23  were"). See also Casas-Castrillon v. D.H.S., -- F.3d --, 2008 WL 2902026 at *5 (9th Cir. July 25,

24  2008) ("Although Casas' nearly seven-year detention certainly qualifies as prolonged by any

25  measure, we hold that the government retains authority to detain him under § 1226(a) because Casas

26

27       1/  Zadvydas v. Davis, 533 U.S. 678 (2001).

28       2/  Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006).

1   faces a significant likelihood of removal to Colombia once his judicial and administrative review

2   process is complete").

3          In addition, the Ninth Circuit held in <u>Prieto</u> that, because Prieto had already been provided

4   with ordinary bond review by an Immigration Judge ("IJ"), he was not entitled to a so-called <u>Tijani</u>

5   bond hearing (in which the burden of persuasion lies with the Government to prove flight risk and/or

6   danger to the community).  <u>See</u> <u>Prieto</u> at *10 (citing <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005)).

7   As explained in the Government's Return, at a September 7, 2006 bond hearing, the IJ lowered

8   Mbodji's $10,000 bond to $7500, and Mbodji waived further appeal to the Board of Immigration

9   Appeals ("BIA").  [Ex. 22.]

10         Therefore, since it appears that Mbodji's Petition may have been rendered moot by the <u>Prieto</u>

11  and <u>Casas</u> decisions, the Government proposes that the Court order Mbodji to show cause why the

12  instant Petition should not be dismissed or that the Court otherwise order supplemental briefing.

13         DATED:  August 13, 2008

14                                              Respectfully submitted,

15                                              KAREN P. HEWITT
                                                United States Attorney
16
                                                s/ *Samuel W. Bettwy*
17
                                                SAMUEL W. BETTWY
18                                              Assistant U.S. Attorney

19

20

21

22

23

24

25

26

27

28