**JAMES FIFE**
California State Bar No. 237620
**FEDERAL DEFENDERS OF SAN DIEGO, INC**.
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
james_fife@fd.org

**Attorneys for IBRAHIM MBODJI**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| IBRAHIM MBODJI,<br><br>                    Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>                    Respondents. | Case No. 08CV0517-JLS (NLS)<br><br>**RESPONSE TO NOTICE OF RECENT CASE LAW AND SUGGESTED SUPPLEMENTAL BRIEFING** |

Respondents filed a Notice of Recent, Controlling Ninth Circuit Decisions and Suggested Supplemental Briefing on August 13, 2008. They argue that the recent decisions in Casas-Castrillon v. DHS, ___ F.3d ___, 2008 WL 2902026 (9th Cir. July 25, 2008), Prieto-Romero v. Clark, ___ F.3d ___, 2008 WL 2853396 (9th Cir. July 25, 2008), control the outcome of this case, claiming those decisions "rendered [this case] moot." Notice at 2. Respondents request the Court order Petitioner to show cause why the case should not be dismissed or to order supplemental briefing. Id.

Petitioner agrees that further briefing on the applicability of those decision to the specific facts of the instant case is warranted, but disputes that this case is adversely governed by the decisions in Casas-Castrillon and Prieto-Romero.

1

1    First, this case is not in the same procedural posture as the case in Prieto-Romero, where the Ninth
2 Circuit found that a court-ordered hearing before an immigration judge was sufficiently comparable to a
3 hearing under Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), to avoid constitutional concerns. See Prieto-
4 Romero, 2008 WL 2853396, at *10. Similarly, in Casas-Castrillon, 2008 WL 2902026, at *8, despite the fact
5 that the petitioner had received a court-ordered bond hearing, it was uncertain whether that hearing was
6 sufficient to show that the Tijani requirements had been met, since the "[i]t is not clear what, if any, continued
7 legal effect this bond hearing has, given that it was ordered pursuant to a now-vacated constitutional ruling."
8    Mr. Mbodji, on the other hand, has received no such bond hearing. Because the hearing held in the
9 instant case was an ordinary custody review, not a special proceedings to review detention authority under
10 court order, no determination serving the purposes of a Tijani hearing has been conducted here. Whether
11 Tijani hearings are required in such circumstances was a question expressly reserved in Prieto-Romero, since
12 the petitioner there had received the equivalent of a Tijani determination. See Prieto-Romero, at *10.
13   In addition, Petitioner here was told by ICE officials that his prior bond grant is now "stale," so that they
14 will not allow him to bail out by posting the ordered bond. Like Casas-Castrillon, the current validity of the
15 previously imposed bond condition is in question and requires further consideration. Moreover, as Casas-
16 Castrillon shows, the mere fact that *a* hearing was held does not suffice to show that Tijani concerns were
17 properly addressed. That is precisely how Mr. Mbodji's case differs from the Ninth Circuit decisions.
18   The logic of Prieto-Romero and Casas-Castrillon, as well as the demands of equal protection, argues that
19 Mr. Mbodji is entitled to a Tijani-type hearing to assess the individual need for continued detention, now that
20 he has filed a petition for review and a stay of removal is in effect. As Judge Miller recently held in an Order
21 Denying Motion to Amend Judgement at 5, Straube v. Chertoff, No. 07CV1751 (S.D. Cal. Aug. 22, 2008),
22 it would be an impermissibly narrow reading of the statutes to hold that a Casas-Castrillon hearing is required

only for those who were originally mandatorily detained under 8 U.S.C. § 1226(c) and not for those who were detained originally under § 1226(a) but whose removals are stayed. "The original basis for detention plays no significant role in this analysis." Id.

Therefore, Mr. Mbodji is entitled to a Tijani-compliant bail hearing. Unlike Prieto-Romero and Casas-Castrillon, he has not received a court-ordered bail hearing at which the Tijani concerns were addressed. Moreover, like Casas-Castrillon, the continued validity of that bond is now in doubt. Finally, the fact that Mr. Mbodji was originally detained under § 1226(a) does not, as in Straube, preclude his obtaining Casas-Castrillon relief. Given the intricacies involved in sorting out how to apply these recent decisions to the facts of the individual case, supplemental briefing and oral argument on these matters are warranted.

Respectfully submitted,

Dated: August 26, 2008        *s/ James Fife*
**JAMES FIFE**
**Federal Defenders of San Diego, Inc.**
Attorneys for Petitioner Mbodji
james_fife@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Petitioner

Dated:  August 26, 2008         /s/ JAMES FIFE
                                Federal Defenders of San Diego, Inc.
                                225 Broadway, Suite 900
                                San Diego, CA  92101-5030
                                (619) 234-8467  (tel)
                                (619) 687-2666  (fax)
                                James_Fife@fd.org (email)